Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
AMAZON.COM SERVICES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANINE DIEW, individually, and J█████ D████ D███, a minor, by and through her guardian ad litem, DANINE DIEW,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC, a corporation; and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No. 3:21-cv-01462<br><br>**DEFENDANT AMAZON.COM SERVICES, LLC'S AMENDED NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of the State of California for the County of Alameda, Case No. RG20085188]<br><br>Complaint Filed: December 29, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant Amazon.com Services, LLC ("Amazon")

hereby removes this civil action from the Superior Court of the State of California, County of

Alameda, to the United States District Court for the Northern District of California under 28

-1-

151564754.1

U.S.C. §§ 1332, 1441, and 1446.  Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

## I.  INTRODUCTION

1.    This lawsuit involves personal injuries allegedly caused by a lithium battery purchased through Amazon.com.  Compl. ¶¶ 16-18.

2.    Plaintiffs filed their Complaint on December 29, 2020, in the Superior Court of the State of California, County of Alameda, Case No. RG20085188.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

## II.  THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.    This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C.§ 1332 had Plaintiffs filed this action initially in federal court.  Plaintiffs are not citizens of the same state as the named defendant Amazon, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.  Complete Diversity Exists

4.    Plaintiffs are citizens of California.  *See* Compl. ¶ 2.

5.    The named defendant Amazon.com Services, LLC is a Delaware limited liability company.  Declaration of Sara Rawson in Support of Defendant Amazon.com Services, LLC's Notice of Removal ("Rawson Decl."), ¶ 2.  For the purposes of diversity jurisdiction, a limited liability company is a citizen of all states in which each of its members is a citizen.  *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016).  Amazon.com Services, LLC's only member is Amazon.com Sales, Inc.  Rawson Decl., ¶ 2.  For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Amazon.com Sales, Inc. is incorporated under the laws of Delaware and its principal place of business is in Washington.  Rawson Decl., ¶ 3.  Accordingly, Amazon.com Sales, Inc. – and by extension, Amazon.com Services, LLC – is a citizen of Delaware and Washington.

DEFENDANT AMAZON.COM SERVICES, LLC'S NOTICE OF REMOVAL
151564754.1

6.      Because Plaintiffs are citizens of California, whereas the named defendant is a citizen of Delaware and Washington, complete diversity exists.

**B.      The Amount in Controversy Exceeds $75,000**

7.      Plaintiffs do not identify a specific value for their claims on the face of the Complaint.  The Court should nevertheless conclude based on Plaintiffs' Complaint that Plaintiffs' claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

8.      The Ninth Circuit has adopted the Fifth Circuit's procedure for determining the amount in controversy when a plaintiff does not identify a specific value in a complaint.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  Under that procedure, a court should begin by determining whether it is "facially apparent" from the complaint that the claims likely exceed $75,000.  *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding it was facially apparent that a plaintiff's claims met the amount in controversy requirement when the complaint sought relief for property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework).  To do so, the court may use "judicial experience and common sense." *Dourian v. Stryker Corp.*, 2012 WL 12893752, No. CV 12-1790 DSF, at *1 (C.D. Cal. Apr. 25, 2012).

9.      Here, Plaintiffs filed an unlimited civil case seeking relief for personal injuries under five causes of action: (i) negligent product liability, (ii) strict product liability – design and manufacturing defect, (iii) strict product liability – failure to warn of defective condition, (iv) breach of implied warranty, and (v) breach of express warranty.  *See generally* Compl. Plaintiffs allege that they suffered injuries and damages when the lithium battery they purchased "suddenly exploded and caught on fire," which caused Plaintiffs to "los[e] personal property and [be] displaced for approximately two months due to the fire." *Id. ¶* 18.  Plaintiffs also allege that they "suffered severe injuries and scarring to their bodies and they have each suffered from and continue to experience breathing issues, skin conditions, scarring and severe

-3-
DEFENDANT AMAZON.COM SERVICES, LLC'S NOTICE OF REMOVAL

anxiety." *Id.*  Plaintiffs seek general damages as well as damages for loss of earnings, past and future medical expenses, incidental expenses, and costs of suit.  *Id.* ¶¶ 31–34, 41-42, 47, 56, 59-60, Prayer for Relief.  Plaintiffs also seek the imposition of punitive and exemplary damages. *Id.* ¶ 42.

10.     Given the number of liability theories pursued, the severity of the alleged injuries, and the nature and extent of the damages requested, it is facially apparent that the amount in controversy exceeds $75,000.  Thus, Amazon has satisfied its burden under 28 U.S.C. § 1332 to establish that the amount in controversy exceeds $75,000.

11.     By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiffs are entitled to any damages.

### III.     THIS FILING IS TIMELY

12.     Plaintiffs served Amazon on January 29, 2021.  *See* <u>Exhibit B</u> (Proof of Service of Summons).  Amazon filed this Notice of Removal within thirty (30) days after it was personally served.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

### IV.     VENUE OF REMOVED ACTION

13.     The Northern District of California is the United States district court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

### V.     NOTICE TO THE STATE COURT

14.     A copy of this Notice of Removal is being served on all served parties and filed with the Superior Court of the State of California, County of Alameda, where this case was originally filed.

### VI.     PLEADINGS IN THE STATE COURT ACTION

15.     All process, pleadings, and orders served upon Amazon in this action are attached as <u>Exhibit A</u>.  A true and correct copy of the Alameda Superior Court docket for this action is attached as <u>Exhibit B</u>.

-4-
151564754.1

1

## VII.   NON-WAIVER OF DEFENSES

2        16.      Amazon expressly reserves all of it defenses.  By removing the action to this

3  Court, Amazon does not waive any rights or defenses available under federal or state law.

4  Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule

5  12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken

6  as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive

7  merit.

8        WHEREFORE, Amazon hereby removes the above-entitled case to this Court.

9
   DATED:  March 1, 2021                **PERKINS COIE LLP**
10

11                                        By:  */s/ Julie L. Hussey*
                                               Julie L. Hussey, Bar No. 237711
12                                             Jhussey@perkinscoie.com
                                               Elliott J. Joh, Bar No. 264927
13                                             EJoh@perkinscoie.com

14                                        Attorneys for Defendant
15                                        AMAZON.COM SERVICES, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMAZON.COM SERVICES, LLC'S NOTICE OF REMOVAL
151564754.1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system and US Mail, on March 1, 2021, as follows:

David S. Ratner
Shelley A. Molineaux
RATNER MOLINEAUX, LLP
1990 N. California Blvd., Suite 20
Walnut Creek, CA 94596
Phone: (925) 239-0899
Fax: (925) 801-3818
Email: david@ratnermolineaux.com
Email: shelley@ratnermolienaux.com
Attorneys for Plaintiffs
DANINE DIEW and J█████ D█████ D█

/s/ Julie L. Hussey
Julie L. Hussey

DEFENDANT AMAZON.COM SERVICES, LLC'S NOTICE OF REMOVAL
151564754.1

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 9 2020

CLERK OF THE SUPERIOR COURT
AMRIT KHAN

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANINE DIEW and J███ D████ D████, a minor, by and through her guardian ad litem ...

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  County of Alameda<br>2233 Shore Line Dr, Alameda, CA 94501 | CASE NUMBER: *(Número del Caso):*<br>RG20085188 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David S. Ratner & Shelley A. Molineaux, Ratner Molineaux, LLP, 1990 N. California Blvd, Ste 20, Walnut Creek, CA 94596

| | | | |
|---|---|---|---|
| DATE: DEC 2 9 2020<br>*(Fecha)* | Clerk, by Chad Finke<br>*(Secretario)*  AMRIT KHAN | , Deputy<br>*(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Amazon.com Services, LLC, a corporation

  under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David S. Ratner (SBN 316267); Shelley A. Molineaux (SBN 277884)
Ratner Molineaux, LLP
1990 N. California Blvd., Suite 20, Walnut Creek, CA 94596

TELEPHONE NO.: (925) 239-0899   FAX NO. *(Optional):* (925) 801-3818
ATTORNEY FOR *(Name):* Plaintiffs DANIEL DE Wa J BDW DENI SDEEWa minor

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 9 2020

CLERK OF THE SUPERIOR COURT
By AMRIT KHAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 2233 Shore Line Dr
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Alameda, CA 94501
BRANCH NAME:

CASE NAME:
Diew v. Amazon.com Services, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter | [ ] Joinder | RG20085188 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 12/29/2020

David S. Ratner, Esq.
(TYPE OR PRINT NAME)                                    /s/ David S. Ratner, Esq.
                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10





## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

CIV-010

| ATTORNEY *(Name, State Bar number, and address):*<br>David Ratner, SBN 316267 and Shelley Molineaux, SBN 277884<br>Ratner Molineaux, LLP<br>1990 N. California Blvd., Suite 20, Walnut Creek, CA 94596<br><br>TELEPHONE NO.: 925-239-0899       FAX NO. *(Optional):* 925-801-3818<br>E-MAIL ADDRESS *(Optional):* david@ratnermolineaux.com; shelley@ratnermolineaux.com<br>ATTORNEY FOR *(Name):* PLAINTIFFS | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>DEC 2 9 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>AMEL KHAN Deputy |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
☐ CENTRAL DIVISION, SMALL CLAIMS, 330 W. BROADWAY, ROOM 241, SAN DIEGO, CA 92101-3827
☐ CENTRAL DIVISION, CIVIL, 330 W. BROADWAY, ROOM 225, SAN DIEGO, CA 92101
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081

PLAINTIFF/PETITIONER: DANINE DIEW and ▮▮▮▮▮ D▮▮ D▮▮, a minor

DEFENDANT/RESPONDENT: AMAZON.COM, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ ☒ PARTE | CASE NUMBER:<br>R G 2 0 0 8 5 1 8 8 |
|---|---|

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* ▮▮▮▮▮ D▮▮ D▮▮                                     is
   a. ☐ the parent of *(name):*
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☒ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Danine Diew, 6028 Old Quarry Loop, Oakland, CA 94605

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   ▮▮▮ D▮▮▮ D▮▮, 6028 Old Quarry Loop, Oakland, CA 94605

4. The person to be represented is:
   a. ☒ a minor *(date of birth):* ▮▮▮▮▮▮
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☐ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
   Negligent Product Liability, Strict Product Liability - Design and Manufacturing Defect, Strict Product Liability -
   Failure to Warn of Defective Condition, Breach of Implied Warranty, Breach of Express Warranty

   ☐ Continued on Attachment 5a.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 JCC [Rev. January 1, 2008] | **APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL** | Page 1 of 2<br>Code of Civil Procedure,<br>§ 372 et seq. |

Doc ID: 5cb739702ba9ef05c79af8854e4d1373c3cd0b52

CIV-010

| PLAINTIFF/PETITIONER: DANINE DIEW and J█████ D████ D████, a minor | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AMAZON.COM, et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:
to prosecute the above case on behalf of this minor child under age 18

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒ related *(state relationship)*: mother
   b. ☐ not related *(specify capacity)*:

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)*:

☐ Continued on Attachment 7.

David S. Ratner, Esq.
_____
(TYPE OR PRINT NAME)

▶ /s/ *David S. Ratner, Esq.*
_____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

Danine Diew
_____
(TYPE OR PRINT NAME)

▶ *Danine Diew*
_____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:

Danine Diew
_____
(TYPE OR PRINT NAME)

▶ *Danine Diew*
_____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*:
is hereby appointed as the guardian ad litem for *(name)*:
for the reasons set forth in item 5 of the application.
Date:

_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 JCC (Rev. January 1, 2008)

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

Doc ID: 5cb739702ba9ef05c79af8854e4d1373c3cd0b52

| CASE TITLE | CASE NUMBER |
|---|---|
| Diew v. Amazon, et al. | |

### ATTACHMENT TO JC FORM #CIV-010 (APPLICATION FOR GUARDIAN AD LITEM – CIVIL)

8. I, (name): Danine Diew _____, declare that I am the ☒ parent ☐ guardian ☐ conservator
of (name): ___ D___ D___ ____ and:
- a. I ☒ am ☐ am not asserting individual claims or defenses in these proceedings.
- b. The minor ☐ is ☒ is not the subject of a juvenile dependency proceeding.
- c. The minor ☐ is ☒ is not the subject of a probate guardianship.
- d. The minor ☐ is ☒ is not the subject of a custody order.  (If a custody order is in effect, the most recent order must be attached.)

9. Notice of these proceedings has:
- a. ☒ been provided to all of the minor's parents.
- b. ☐ not been provided to all of the minor's parents because:
  - i. ☐ I have sole legal custody of the minor identified in this application and have attached a copy of the current custody order.
  - ii. ☐ the other parent is deceased.
  - iii. ☐ other: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12 / 23 / 2020

Danine Diew
Type or print name

*Danine Diew*
Signature

---

### ORDER  ☐ EX PARTE

The court finds that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the Application and Order for Appointment of Guardian ad Litem – Civil (JC Form #CIV-010), as requested.

The court orders that (name): Danine Diew _____ is hereby appointed as the guardian ad litem for
(name): ___ D___ D___ ____ for the reasons set forth in item 5 of the Application and Order for Appointment of Guardian ad Litem – Civil (JC Form #CIV-010).

Date: _____

Judge of the Superior Court

SDSC CIV-S83 (New 1/17)
Mandatory Form

### ATTACHMENT TO JC FORM #CIV-010
(APPLICATION FOR GUARDIAN AD LITEM – CIVIL)

Doc ID: 5cb739702ba9ef05c79af8854e4d1373c3cd0b52

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | GAL to be signed.pdf |
| **FILE NAME** | GAL%20to%20be%20signed%20by%20client.pdf |
| **DOCUMENT ID** | 5cb739702ba9ef05c79af8854e4d1373c3cd0b52 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ⊙ Completed |

**This document was requested from app.clio.com**

## Document History

|   |   |   |
|---|---|---|
| ⟳ <br> SENT | **12 / 23 / 2020** <br> 22:01:45 UTC | Sent for signature to Danine Diew (dmanette@yahoo.com) from <br> andrea@ratnermolineaux.com <br> IP: 173.49.219.2 |
| ◉ <br> VIEWED | **12 / 23 / 2020** <br> 22:51:21 UTC | Viewed by Danine Diew (dmanette@yahoo.com) <br> IP: 174.194.153.4 |
| ⤶ <br> SIGNED | **12 / 23 / 2020** <br> 22:55:02 UTC | Signed by Danine Diew (dmanette@yahoo.com) <br> IP: 174.194.153.4 |
| ⊘ <br> COMPLETED | **12 / 23 / 2020** <br> 22:55:02 UTC | The document has been completed. |

Powered by **HELLOSIGN**

1 DAVID S. RATNER (SBN 316267)
SHELLEY A. MOLINEAUX (SBN 277884)
2 RATNER MOLINEAUX, LLP
1990 N. California Blvd., Suite 20
3 Walnut Creek, CA 94596
Tel: (925) 239-0899
4 Fax: (925) 801-3818
david@ratnermolineaux.com
5 shelley@ratnermolineaux.com
6

7 Attorneys for Plaintiffs
DANINE DIEW, individually, and J███████ D█████ D███, a minor, by and through her guardian ad
8 litem, DANINE DIEW

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 9 2020

CLERK OF THE SUPERIOR COURT
By AMIRI KHAN
Deputy

9

10 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 **COUNTY OF ALAMEDA**

12 DANINE DIEW, individually, and J█████ D█████ D████, a minor, by and through her
13 guardian ad litem, DANINE DIEW,
14                    Plaintiff,
15 v.
16 AMAZON.COM SERVICES, LLC, a corporation;
17 and DOES 1 through 100, inclusive.
18                    Defendants.
19

Case No. RG20085188

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL**

20      1.      Plaintiffs DANINE DIEW, individually, and J██████ D█████ D█████, a minor, by and

21 through her guardian ad litem, DANINE DIEW, bring this action against Defendant AMAZON.COM

22 SERVICES, LLC, a corporation, and Does 1 through 100, inclusive.

23                                  *PARTIES*

24      2.      Plaintiffs Danine Diew, individually, and J██████ D████ D████, a minor, by and through

25 her guardian ad litem, Danine Diew are, and at all times relevant to this action was, a resident of the City

26 of Oakland, California. The events giving rise to this action also arose in Alameda County, California.

27      3.      Plaintiffs are informed and believe, and based thereon allege, that Defendant Amazon.com

28 Services, LLC ("Amazon") is a California corporation organized under the laws of the State of California

1
COMPLAINT FOR DAMAGES

1    and is authorized to do business in California.

2         4.    Plaintiffs do not know the true names of Defendants Does 1 through 100, inclusive, and

3    therefore sue them by those fictitious names.  The names, capacities, and relationships of Defendants

4    Does 1 through 100, inclusive, will be alleged by amendment to this Complaint when the same are

5    known to Plaintiff.

6         5.    The true names and capacities, whether individual, corporate, associate or otherwise, of

7    defendants Does 1 through 100 ("Does"), inclusive and each of them, are not known to Plaintiffs at this

8    time. Such Does are legally responsible for the events and happenings described herein and for the

9    damages proximately caused thereby. Plaintiffs will seek the leave of the Court to amend this complaint

10   to set forth the true names and capacities of any such Does when they have been ascertained.

11        6.    On information and belief, at all times mentioned herein, defendants, inclusive and each

12   of them, including without limitation any Does, were acting in concert and participation with each other;

13   were joint participants and collaborators in the acts complained of; and were the agents and/or employees

14   of one another in doing the acts complained of herein, each acting within the course and scope of said

15   agency and/or employment.

16        7.    Danine Diew, individually, and J███ D███ D██, a minor, by and through her

17   guardian ad litem, Danine Diew, are collectively referred to hereinafter as "Plaintiffs".

18        8.    Amazon.com Services, LLC and Does 1 through 50, inclusive, are collectively referred to

19   hereinafter as "Defendants".

                              ***JURISDICTION AND VENUE***

21        9.    This Court has jurisdiction over Defendants because at all times relevant, Plaintiff's claims

22   and the conduct of the defendants occurred in in Alameda County, California.

23        10.   Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts,

24   events and omissions complained of herein occurred in Alameda County, California.

                               ***GENERAL ALLEGATIONS***

26        11.   At all times relevant, Plaintiff Danine Diew and Plaintiff J███ D███ D██, are and

27   were residents of the County of Alameda, State of California.

28        12.   At all times relevant, Defendant Amazon.com Services, LLC, a corporation, and Does 1

                                         2

1   through 100, inclusive, were and are corporations doing business in the State of California.

2       13.    The true names and capacities, whether individual, corporate, associate or otherwise of

3   Defendants Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore, sues said defendants

4   by such fictitious names under Code of Civil Procedure Section 474. Plaintiffs are informed and believe

5   and thereon allege that each of the defendants herein designated as a doe is negligently responsible in

6   some manner for the events and happenings alleged herein and legally caused the injuries and damages

7   alleged below.

8       14.    At all times herein mentioned, each defendant was acting in the course in scope of his or

9   her employment with the other defendants. Defendants are therefore vicariously liable for the acts of

10  each of the remaining defendants herein.

11      15.    In addition, each defendant was at all times acting as the ostensible agent of the remaining

12  defendants and was doing so at the behest of and with the approval of those defendants. At all times

13  herein relevant, Plaintiff reasonably and without negligence relied on the representations made by the

14  defendants about the agency and employment of each of the remaining defendants.

15      16.    As used throughout, "Product" or "Products" shall refer to the lithium battery purchased

16  by plaintiff from Amazon.com, with the listing titled "Aeiusny 400W Solar Generator Portable Power

17  Station, 296Wh CPAP Backup Lithium Battery, 110V Pure Sinewave AC Outlet, 12V DC output, USB

18  Output Power."

19      17.    On or about October 21, 2019, Plaintiff Danine Diew purchased the Product from the

20  website of Defendant Amazon.com Services, LLC ("Amazon"). (*See Exhibit A.*)

21      18.    On or about August 13, 2020, while using the Product, it suddenly exploded and caught

22  on fire inside Plaintiffs' home while Plaintiffs were inside the residence. Plaintiffs lost personal property

23  and were displaced for approximately two months due to the fire. Plaintiffs suffered severe injuries and

24  scarring to their bodies and they have each suffered from and continue to experience breathing issues,

25  skin conditions, scarring and severe anxiety. (*See Exhibit B.*)

26      19.    At all times relevant, Defendants designed, built, manufactured, tested, inspected, sold,

27  advertised, distributed, and otherwise introduced into the stream of commerce the Product.

28      20.    Certain batches of said Product were defectively designed, manufactured, tested,

1  maintained, delivered, inspected, and sold and were in a dangerous condition and unsafe for the uses and

2  purposes for which they were intended.

3  ### FIRST CAUSE OF ACTION

4  *Negligent Product Liability*

5  *(On Behalf of Plaintiffs and Against All Defendants)*

6      21.     Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set

7  forth in this Complaint.

8      22.     Defendants were engaged in the manufacture, design, testing, producing, inspecting,

9  bending, distributing, introducing it to interstate commerce, transporting in interstate commerce,

10 advertising, selling, installing, and assembling and recommending for use to the general public the

11 Product.

12

13     23.     Defendants owed duties of care to actual and potential customers and consumers with

14 respect to the product. Such duties included but were not limited to: designing, formulating,

15 manufacturing, distributing, selling, and providing the product in a fashion that was safe to consumers;

16 packaging the Product safely so as to reasonably minimize the potential for injury; labeling the Product

17 so as to reasonably warn consumers of the potential for danger; and reasonably applying knowledge and

18 information from past incidents, complaints, studies, observations, reports, experience, or investigation to

19 provide for the safety of consumers with respect to the Products.

20

21     24.     Defendants knew or should have known that if the Product was not properly and carefully

22 manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, warned,

23 labeled, and signed prior to sale or distribution to consumers, it would, if used by any member of the

24 general public, be a substantial factor in causing serious and permanent injury.

25     25.     Defendants negligently and carelessly manufactured, designed, tested, maintain, inspect,

26 installed, assembled, delivered, molded, labeled, warned, signed and sold the Product so that it was in

27 dangerous and defective condition and unsafe for the use and purposes for which it were intended.

28

26.     The condition of the Product was known to defendants, and each of them, or should have been discovered by them through the exercise of ordinary care and reasonable diligence but was not disclosed or made known to purchasers or users of the product, including, if applicable, Plaintiff.

27.     At all times herein mentioned, purchasers or users of the Product had no knowledge of the defective condition of the Product or of any danger in the use of the Product.

28.     In doing the acts alleged in this complaint, Defendants violated statutes, rules, standards, regulations, or guidelines applicable to Defendants' conduct, including laws and regulations relating to the manufacture, distribution, and sale of the Product and similar items.

29.     The injuries in damages to Plaintiffs described more fully above, were a direct and legal result of the violations of the statutes, rules, regulations, standards, and guidelines by Defendants.

30.     The statutes, regulations, standards, and guidelines violated by Defendants were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiff is among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

31.     As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff suffered severe shock and injuries to her person. Plaintiffs suffered property damage and each Plaintiff was also injured in her health, strength and activity, all to Plaintiffs' general damage in a sum which will be shown according to proof.

32.     As a further direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiffs compelled to and did incur expenses for medical care other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to plaintiff. Plaintiffs therefore ask leave of court to either amend this complaint so as to show the amount of medical expenses, when ascertained, or to prove the amount at the time of trial.

33.     As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff Danine Diew was disabled and may be disabled in the future and thereby be prevented

1   from attending to the duties of her usual occupation and caring for her daughter. Ms. Diew has therefore

2   lost earnings and may continue to lose earnings in the future, all in amounts presently unknown. Plaintiff

3   Danine Diew asks leave of court to either amend this complaint to show the amount of lost earnings,

4   when ascertained, or to prove the amount at the time of trial.

5

6   34.   The negligence and carelessness of the Defendants was a substantial factor in causing the

7   injuries and damages alleged above.

8                              ***SECOND CAUSE OF ACTION***

9                    *Strict Product Liability – Design and Manufacturing Defect*

10                        *(On Behalf of Plaintiffs Against All Defendants)*

11   35.   Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set

12   forth in this Complaint.

13   36.   At the time that the Product left the control of Defendants, the Product was dangerous and

14   defective as a result of design, manufacture, alteration, or modification by Defendants. The defects

15   included, but are not limited to, possible thermal runaway resulting in the rise in heat and pressure; over-

16   current issues in over-producing electric currents and resulting in short circuiting the battery; and/or

17   impurities in the electrolyte solution inside the batteries cells which can cause overheating.

18   37.   At all times relevant, Defendants, and each of them, knew and intended that the Product

19   would be purchased, rented, leased and operated by members of the general public who would rely on

20   Defendants to safely design, manufacture, market and distribute the Product in a safe manner and to

21   transmit any relevant warnings about the Product.

22   38.   At the time of the incident giving rise to this Complaint, the Product was being used in a

23   manner and fashion that was foreseeable by the Defendants, and each of them, and in a matter in which

24   the Product was intended to be used.

25   39.   Defendants manufactured and designed the Product defectively or knew its manufacture

26   design was defective, or both, causing the Product to fail to perform as safely as an ordinary consumer

27   would expect when used in an intended or reasonably foreseeable manner.

28   40.   In addition, the risks inherent in the design of the Product outweigh any benefits of that

COMPLAINT FOR DAMAGES

1  design.

2      41.    As a legal result of the aforementioned dangerous and defective condition of the Product,

3  and failures by the Defendants to warn as alleged hereinabove, Plaintiff was injured and suffered damage

4  as alleged.

5      42.    At all times relevant, Defendants, and each of them, intentionally engaged in conduct

6  which exposed the user of the Product to a serious potential danger known to the Defendants, and each of

7  them, which decision was based on their choice to advance their own pecuniary interest. As such, this

8  conduct was an act in conscious disregard of the safety of persons such as Plaintiff, and presents the

9  proper circumstance for the imposition of punitive and exemplary damages, in such amount according to

10  proof at trial.

11                                   ***THIRD CAUSE OF ACTION***

12                  *Strict Product Liability – Failure to Warn of Defective Condition*

13                         *(On Behalf of Plaintiffs Against All Defendants)*

14      43.    Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set

15  forth in this Complaint.

16      44.    The Product was in a dangerous and defective condition when introduced into the stream

17  of commerce by the Defendants. The Product was so defective that when used in a way that was

18  reasonably foreseeable, the potential risks of the Product created a substantial danger to users of the

19  product and others and could and would cause those serious injuries.

20      45.    The Product had potential risks that were known or knowable by the use of scientific

21  knowledge available at the time of manufacture, distribution and sale of the Product. Defendants knew,

22  or in the exercise of reasonable care, should have known that the potential or inherent risks presented a

23  substantial danger to users of the Product because Defendants possess special knowledge of the

24  materials, design, character and assemblage of the Product. Plaintiffs and ordinary consumers would not

25  recognize, nor have knowledge that the Product was dangerous and defective.

26      46.    Although possessed of a special knowledge of the potential risks and substantial danger to

27  users of the Product and others, Defendants failed to adequately warn or instruct of the potential risks and

28  dangerous and defective conditions of the Product.

47.     Plaintiffs were harmed and suffered the injuries and damages alleged as a result of Defendants' failure to adequately warn. The lack of sufficient warning or instructions was a substantial factor in causing Plaintiffs' harm.

### FOURTH CAUSE OF ACTION

*Breach of Implied Warranty*

*(On Behalf of Plaintiffs Against All Defendants)*

48.     Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set forth in this Complaint.

49.     At relevant times here in, Defendants marketed, manufactured, promoted, distributed or sold the Product for use by the public at large, including the Plaintiffs. Defendants knew the use for which their Product was intended and represented or impliedly warranted the Product to be of merchantable quality, and safe and fit for its intended uses.

50.     Defendants had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale and release of the Product.

51.     Plaintiff purchased and/or made a decision to use the Product, and reasonably relied upon the Defendant and it's agents to disclose known defects, risks, dangers and side effects of the Product.

52.     Plaintiffs had no knowledge of the falsity or incompleteness of the Defendants' statements and representations concerning the Product when Plaintiff Danine Diew purchased the Product as researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by Defendants.

53.     Defendants had sole access to material facts concerning the defects, and Defendants knew that users, such as Plaintiff, could not have reasonably discovered such defects.

54.     By the conduct alleged, Defendants impliedly warranted to Plaintiffs that the Product was merchantable and fit for the purpose intended.

55.     Defendants breached this warranty in designing, manufacturing, selling, and distributing the Product in a dangerous and defective condition and in failing to warn Plaintiffs and purchasers of the Product of these defects.

56.     As a direct result of the conduct of the Defendants, Plaintiffs have suffered and continue to suffer serious and permanent physical, and emotional injuries, have expended and will continue to expend large sums of money for medical care and treatment as well as property damage, have suffered and will continue to suffer economic loss, and have otherwise been physically and economically injured.

### FIFTH CAUSE OF ACTION

*Breach of Express Warranty*

*(On Behalf of Plaintiffs Against All Defendants)*

57.     Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set forth in this Complaint.

58.     Defendants expressly and by advertising, warranted and represented to the general public and to Plaintiff, and each of them, that the Product was reasonably fit for the purpose for which it was intended.

59.     Plaintiffs reasonably relied on those warranties and representations. The Product did not conform to the representations made by Defendants and was not fit for the purpose for which it was intended. When used in a normal and usual manner, the Product caused the serious personal injuries to plaintiff more fully set forth above.

60.     Defendants' breach of their express warranties were a substantial factor in causing the injuries as alleged above.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1.     For general damages according to proof;

2.     For loss of earnings, medical expenses, and all incidental expenses according to proof;

3.     For interest from the date of accident to the time of judgment;

4.     For costs of suit in curd here in; and

5.     For such other and further relief as the Court deems proper.

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2          NOTICE IS HEREBY GIVEN that Plaintiff hereby demands trial by jury in the above-captioned

3    matter.

4

5    Dated: December 29, 2020                    **RATNER MOLINEAUX, LLP**

6                                                  /s/ David S. Ratner, Esq.
                                                 David S. Ratner
7                                                Shelley A. Molineaux
8                                                Danine Diew, individually, and J███ D███ D██, a
                                                 minor, by and through her guardian ad litem, Danine Diew
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Ordered on October 21, 2019    Order# 114-6604794-5605840

View or Print invoice

Supporting: **Alliance of Parents and Teachers at the Oakland School for the Arts**

**Shipping Address**
Danine Diew
6028 OLD QUARRY LOOP
OAKLAND, CA 94605-3306
United States

**Payment Method**
 **** 6734

**Order Summary**

| | |
|---|---|
| Item(s) Subtotal: | $295.98 |
| Shipping & Handling: | $0.00 |
| Total before tax: | $295.98 |
| Estimated tax to be collected: | $27.38 |
| Gift Card Amount: | -$39.71 |
| **Grand Total:** | **$283.65** |

˅ Transactions

 Aeiusny 400W Solar Generator Portable Power Station, 296Wh CPAP Backup Lithium Battery, 110V Pure Sinewave AC Outlet, 12V DC Output, USB Output Power
Sold by: AEIUSNY    Product question? Ask Seller
Return and product support eligibility ˅
$287.99
**Condition:** New

Write a product review

Archive order

# EXHIBIT B



# Exhibit B

THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

Select Language | ▼     Español  |  Tiếng Việt  |  ਪੰਜਾਬੀ  |  简体中文  |  繁體中文

Log In

## DomainWeb
*your resource for case filing information*

**Buy Credits**
0 Credit(s)          **Checkout (0 item(s))**

**DomainWeb**     **How This Site Works**     **FAQ**

## Case Details

**Case Number:**
RG20085188

**Title: Diew VS Amazon.Com Services LLC, a corporation**

| Case Summary | Register of Action | Participants | Tentative Rulings |
| Future Hearings | Minutes |

| Date | Description | Pages | Price | | Select ☐ |
|------|-------------|-------|-------|--|--------|
| 2/19/2021 | Application Re: Appointment of Guardian Ad Litem As to J███ D███ D███ Denied | 1 | $1.00 | Half Page Preview | ☐ |
| 2/11/2021 | Proof of Service on Complaint As to Amazon.Com Services LLC, a corporation Filed | 1 | $1.00 | Half Page Preview | ☐ |
| 1/13/2021 | Notice of Assignment of Judge for All Purposes Issued | 4 | $4.00 | Half Page Preview | ☐ |
| 1/13/2021 | Initial Case Management Conference 05/18/2021 03:00 PM D- 19 | 2 | | View | |

| Date | Description | Pages | Price | | Select ☐ |
|------|-------------|-------|-------|---|--------|
| 12/29/2020 | Application Re: Appointment of Guardian Ad Litem Filed for J█ D█ D█ | 4 | $4.00 | Half Page Preview | ☐ |
| 12/29/2020 | Summons on Complaint Issued and Filed | 1 | $1.00 | Half Page Preview | ☐ |
| 12/29/2020 | Civil Case Cover Sheet Filed for Danine Diew | 2 | $2.00 | Half Page Preview | ☐ |
| 12/29/2020 | Complaint - Product Liability Filed | 14 | $9.50 | Half Page Preview | ☐ |

Page:  1 of 1

**Add Item(s) to buy**

**Back to Search Results**

Feedback      Use and Privacy Policy      System Requirements      Contact Us      ® 2021 - Superior Court of California Court of Alameda

22596055

# SUMMONS
## *(CITACION JUDICIAL)*

**FILED**
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ALAMEDA COUNTY

DEC 2 9 2020

CLERK OF THE SUPERIOR COURT

By _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANINE DIEW and J█████ D████ D███, a minor, by and through her guardian ad litem

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  County of Alameda<br>2233 Shore Line Dr, Alameda, CA 94501 | CASE NUMBER: *(Número del Caso):*<br>RG20085188 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David S. Ratner & Shelley A. Molineaux, Ratner Molineaux, LLP, 1990 N. California Blvd, Ste 20, Walnut Creek, CA 94596

| | | |
|---|---|---|
| DATE:<br>*(Fecha)*  DEC 2 9 2020 | Chad Finke Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 485
*www.courts.ca.gov*

22596056

1  DAVID S. RATNER (SBN 316267)
   SHELLEY A. MOLINEAUX (SBN 277884)
2  RATNER MOLINEAUX, LLP
3  1990 N. California Blvd., Suite 20
   Walnut Creek, CA 94596
4  Tel: (925) 239-0899
   Fax: (925) 801-3818
5  david@ratnermolineaux.com
   shelley@ratnermolineaux.com
6
7  Attorneys for Plaintiffs
   DANINE DIEW, individually, and J███████ D█████ D███, a minor, by and through her guardian ad
8  litem, DANINE DIEW

F I L E D
ALAMEDA COUNTY

DEC 2 9 2020

CLERK OF THE SUPERIOR COURT
By
                              DEPUTY

9
10            SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                       COUNTY OF ALAMEDA
12  DANINE DIEW, individually, and J██████   Case No.   RG20085188
    D█████ D███, a minor, by and through her
13  guardian ad litem, DANINE DIEW,          COMPLAINT FOR DAMAGES FOR
                                             PERSONAL INJURIES AND DEMAND
14                Plaintiff,                  FOR JURY TRIAL
15  v.
16
    AMAZON.COM SERVICES, LLC, a corporation;
17  and DOES 1 through 100, inclusive.
18                Defendants.
19
20      1.    Plaintiffs DANINE DIEW, individually, and J██████ D█████ D███, a minor, by and

21  through her guardian ad litem, DANINE DIEW, bring this action against Defendant AMAZON.COM

22  SERVICES, LLC, a corporation, and Does 1 through 100, inclusive.

23                              *PARTIES*

24      2.    Plaintiffs Danine Diew, individually, and J█████ D████ D███, a minor, by and through

25  her guardian ad litem, Danine Diew are, and at all times relevant to this action was, a resident of the City

26  of Oakland, California. The events giving rise to this action also arose in Alameda County, California.

27      3.    Plaintiffs are informed and believe, and based thereon allege, that Defendant Amazon.com

28  Services, LLC ("Amazon") is a California corporation organized under the laws of the State of California

                                    1

DEC 2 9 2020

1 | and is authorized to do business in California.

2 |     4.     Plaintiffs do not know the true names of Defendants Does 1 through 100, inclusive, and

3 | therefore sue them by those fictitious names. The names, capacities, and relationships of Defendants

4 | Does 1 through 100, inclusive, will be alleged by amendment to this Complaint when the same are

5 | known to Plaintiff.

6 |     5.     The true names and capacities, whether individual, corporate, associate or otherwise, of

7 | defendants Does 1 through 100 ("Does"), inclusive and each of them, are not known to Plaintiffs at this

8 | time. Such Does are legally responsible for the events and happenings described herein and for the

9 | damages proximately caused thereby. Plaintiffs will seek the leave of the Court to amend this complaint

10 | to set forth the true names and capacities of any such Does when they have been ascertained.

11 |     6.     On information and belief, at all times mentioned herein, defendants, inclusive and each

12 | of them, including without limitation any Does, were acting in concert and participation with each other;

13 | were joint participants and collaborators in the acts complained of; and were the agents and/or employees

14 | of one another in doing the acts complained of herein, each acting within the course and scope of said

15 | agency and/or employment.

16 |     7.     Danine Diew, individually, and J█████ D█████ D█████, a minor, by and through her

17 | guardian ad litem, Danine Diew, are collectively referred to hereinafter as "Plaintiffs".

18 |     8.     Amazon.com Services, LLC and Does 1 through 50, inclusive, are collectively referred to

19 | hereinafter as "Defendants".

20 |                                  ***JURISDICTION AND VENUE***

21 |     9.     This Court has jurisdiction over Defendants because at all times relevant, Plaintiff's claims

22 | and the conduct of the defendants occurred in in Alameda County, California.

23 |     10.     Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts,

24 | events and omissions complained of herein occurred in Alameda County, California.

25 |                                    ***GENERAL ALLEGATIONS***

26 |     11.     At all times relevant, Plaintiff Danine Diew and Plaintiff J█████ D█████ D█████, are and

27 | were residents of the County of Alameda, State of California.

28 |     12.     At all times relevant, Defendant Amazon.com Services, LLC, a corporation, and Does 1

COMPLAINT FOR DAMAGES

1     through 100, inclusive, were and are corporations doing business in the State of California.

2          13.     The true names and capacities, whether individual, corporate, associate or otherwise of

3     Defendants Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore, sues said defendants

4     by such fictitious names under Code of Civil Procedure Section 474. Plaintiffs are informed and believe

5     and thereon allege that each of the defendants herein designated as a doe is negligently responsible in

6     some manner for the events and happenings alleged herein and legally caused the injuries and damages

7     alleged below.

8          14.     At all times herein mentioned, each defendant was acting in the course in scope of his or

9     her employment with the other defendants. Defendants are therefore vicariously liable for the acts of

10     each of the remaining defendants herein.

11          15.     In addition, each defendant was at all times acting as the ostensible agent of the remaining

12     defendants and was doing so at the behest of and with the approval of those defendants. At all times

13     herein relevant, Plaintiff reasonably and without negligence relied on the representations made by the

14     defendants about the agency and employment of each of the remaining defendants.

15          16.     As used throughout, "Product" or "Products" shall refer to the lithium battery purchased

16     by plaintiff from Amazon.com, with the listing titled "Aeiusny 400W Solar Generator Portable Power

17     Station, 296Wh CPAP Backup Lithium Battery, 110V Pure Sinewave AC Outlet, 12V DC output, USB

18     Output Power."

19          17.     On or about October 21, 2019, Plaintiff Danine Diew purchased the Product from the

20     website of Defendant Amazon.com Services, LLC ("Amazon"). (*See Exhibit A*.)

21          18.     On or about August 13, 2020, while using the Product, it suddenly exploded and caught

22     on fire inside Plaintiffs' home while Plaintiffs were inside the residence. Plaintiffs lost personal property

23     and were displaced for approximately two months due to the fire. Plaintiffs suffered severe injuries and

24     scarring to their bodies and they have each suffered from and continue to experience breathing issues,

25     skin conditions, scarring and severe anxiety. (*See Exhibit B*.)

26          19.     At all times relevant, Defendants designed, built, manufactured, tested, inspected, sold,

27     advertised, distributed, and otherwise introduced into the stream of commerce the Product.

28          20.     Certain batches of said Product were defectively designed, manufactured, tested,

1 │ maintained, delivered, inspected, and sold and were in a dangerous condition and unsafe for the uses and

2 │ purposes for which they were intended.

3 │ ### FIRST CAUSE OF ACTION

4 │ *Negligent Product Liability*

5 │ *(On Behalf of Plaintiffs and Against All Defendants)*

6 │  21.   Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set

7 │ forth in this Complaint.

8 │  22.   Defendants were engaged in the manufacture, design, testing, producing, inspecting,

9 │ bending, distributing, introducing it to interstate commerce, transporting in interstate commerce,

10 │ advertising, selling, installing, and assembling and recommending for use to the general public the

11 │ Product.

12 │

13 │  23.   Defendants owed duties of care to actual and potential customers and consumers with

14 │ respect to the product. Such duties included but were not limited to: designing, formulating,

15 │ manufacturing, distributing, selling, and providing the product in a fashion that was safe to consumers;

16 │ packaging the Product safely so as to reasonably minimize the potential for injury; labeling the Product

17 │ so as to reasonably warn consumers of the potential for danger; and reasonably applying knowledge and

18 │ information from past incidents, complaints, studies, observations, reports, experience, or investigation to

19 │ provide for the safety of consumers with respect to the Products.

20 │  24.   Defendants knew or should have known that if the Product was not properly and carefully

21 │ manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, warned,

22 │

23 │ labeled, and signed prior to sale or distribution to consumers, it would, if used by any member of the

24 │ general public, be a substantial factor in causing serious and permanent injury.

25 │  25.   Defendants negligently and carelessly manufactured, designed, tested, maintain, inspect,

26 │ installed, assembled, delivered, molded, labeled, warned, signed and sold the Product so that it was in

27 │ dangerous and defective condition and unsafe for the use and purposes for which it were intended.

28 │

26.    The condition of the Product was known to defendants, and each of them, or should have been discovered by them through the exercise of ordinary care and reasonable diligence but was not disclosed or made known to purchasers or users of the product, including, if applicable, Plaintiff.

27.    At all times herein mentioned, purchasers or users of the Product had no knowledge of the defective condition of the Product or of any danger in the use of the Product.

28.    In doing the acts alleged in this complaint, Defendants violated statutes, rules, standards, regulations, or guidelines applicable to Defendants' conduct, including laws and regulations relating to the manufacture, distribution, and sale of the Product and similar items.

29.    The injuries in damages to Plaintiffs described more fully above, were a direct and legal result of the violations of the statutes, rules, regulations, standards, and guidelines by Defendants.

30.    The statutes, regulations, standards, and guidelines violated by Defendants were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiff is among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

31.    As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff suffered severe shock and injuries to her person. Plaintiffs suffered property damage and each Plaintiff was also injured in her health, strength and activity, all to Plaintiffs' general damage in a sum which will be shown according to proof.

32.    As a further direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiffs compelled to and did incur expenses for medical care other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to plaintiff. Plaintiffs therefore ask leave of court to either amend this complaint so as to show the amount of medical expenses, when ascertained, or to prove the amount at the time of trial.

33.    As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff Danine Diew was disabled and may be disabled in the future and thereby be prevented

5

from attending to the duties of her usual occupation and caring for her daughter. Ms. Diew has therefore

lost earnings and may continue to lose earnings in the future, all in amounts presently unknown. Plaintiff

Danine Diew asks leave of court to either amend this complaint to show the amount of lost earnings,

when ascertained, or to prove the amount at the time of trial.

34.     The negligence and carelessness of the Defendants was a substantial factor in causing the

injuries and damages alleged above.

### SECOND CAUSE OF ACTION

*Strict Product Liability – Design and Manufacturing Defect*

*(On Behalf of Plaintiffs Against All Defendants)*

35.     Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set

forth in this Complaint.

36.     At the time that the Product left the control of Defendants, the Product was dangerous and

defective as a result of design, manufacture, alteration, or modification by Defendants. The defects

included, but are not limited to, possible thermal runaway resulting in the rise in heat and pressure; over-

current issues in over-producing electric currents and resulting in short circuiting the battery; and/or

impurities in the electrolyte solution inside the batteries cells which can cause overheating.

37.     At all times relevant, Defendants, and each of them, knew and intended that the Product

would be purchased, rented, leased and operated by members of the general public who would rely on

Defendants to safely design, manufacture, market and distribute the Product in a safe manner and to

transmit any relevant warnings about the Product.

38.     At the time of the incident giving rise to this Complaint, the Product was being used in a

manner and fashion that was foreseeable by the Defendants, and each of them, and in a matter in which

the Product was intended to be used.

39.     Defendants manufactured and designed the Product defectively or knew its manufacture

design was defective, or both, causing the Product to fail to perform as safely as an ordinary consumer

would expect when used in an intended or reasonably foreseeable manner.

40.     In addition, the risks inherent in the design of the Product outweigh any benefits of that

1  design.

2    41.    As a legal result of the aforementioned dangerous and defective condition of the Product,

3  and failures by the Defendants to warn as alleged hereinabove, Plaintiff was injured and suffered damage

4  as alleged.

5    42.    At all times relevant, Defendants, and each of them, intentionally engaged in conduct

6  which exposed the user of the Product to a serious potential danger known to the Defendants, and each of

7  them, which decision was based on their choice to advance their own pecuniary interest. As such, this

8  conduct was an act in conscious disregard of the safety of persons such as Plaintiff, and presents the

9  proper circumstance for the imposition of punitive and exemplary damages, in such amount according to

10  proof at trial.

11                    ***THIRD CAUSE OF ACTION***

12            *Strict Product Liability – Failure to Warn of Defective Condition*

13                  *(On Behalf of Plaintiffs Against All Defendants)*

14    43.    Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set

15  forth in this Complaint.

16    44.    The Product was in a dangerous and defective condition when introduced into the stream

17  of commerce by the Defendants. The Product was so defective that when used in a way that was

18  reasonably foreseeable, the potential risks of the Product created a substantial danger to users of the

19  product and others and could and would cause those serious injuries.

20    45.    The Product had potential risks that were known or knowable by the use of scientific

21  knowledge available at the time of manufacture, distribution and sale of the Product. Defendants knew,

22  or in the exercise of reasonable care, should have known that the potential or inherent risks presented a

23  substantial danger to users of the Product because Defendants possess special knowledge of the

24  materials, design, character and assemblage of the Product. Plaintiffs and ordinary consumers would not

25  recognize, nor have knowledge that the Product was dangerous and defective.

26    46.    Although possessed of a special knowledge of the potential risks and substantial danger to

27  users of the Product and others, Defendants failed to adequately warn or instruct of the potential risks and

28  dangerous and defective conditions of the Product.

47.     Plaintiffs were harmed and suffered the injuries and damages alleged as a result of Defendants' failure to adequately warn. The lack of sufficient warning or instructions was a substantial factor in causing Plaintiffs' harm.

### FOURTH CAUSE OF ACTION

*Breach of Implied Warranty*

*(On Behalf of Plaintiffs Against All Defendants)*

48.     Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set forth in this Complaint.

49.     At relevant times here in, Defendants marketed, manufactured, promoted, distributed or sold the Product for use by the public at large, including the Plaintiffs. Defendants knew the use for which their Product was intended and represented or impliedly warranted the Product to be of merchantable quality, and safe and fit for its intended uses.

50.     Defendants had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale and release of the Product.

51.     Plaintiff purchased and/or made a decision to use the Product, and reasonably relied upon the Defendant and it's agents to disclose known defects, risks, dangers and side effects of the Product.

52.     Plaintiffs had no knowledge of the falsity or incompleteness of the Defendants' statements and representations concerning the Product when Plaintiff Danine Diew purchased the Product as researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by Defendants.

53.     Defendants had sole access to material facts concerning the defects, and Defendants knew that users, such as Plaintiff, could not have reasonably discovered such defects.

54.     By the conduct alleged, Defendants impliedly warranted to Plaintiffs that the Product was merchantable and fit for the purpose intended.

55.     Defendants breached this warranty in designing, manufacturing, selling, and distributing the Product in a dangerous and defective condition and in failing to warn Plaintiffs and purchasers of the Product of these defects.

1   56.    As a direct result of the conduct of the Defendants, Plaintiffs have suffered and continue

2   to suffer serious and permanent physical, and emotional injuries, have expended and will continue to

3   expend large sums of money for medical care and treatment as well as property damage, have suffered

4   and will continue to suffer economic loss, and have otherwise been physically and economically injured.

5                                   *FIFTH CAUSE OF ACTION*

6                                   *Breach of Express Warranty*

7                           *(On Behalf of Plaintiffs Against All Defendants)*

8   57.    Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set

9   forth in this Complaint.

10  58.    Defendants expressly and by advertising, warranted and represented to the general public

11  and to Plaintiff, and each of them, that the Product was reasonably fit for the purpose for which it was

12  intended.

13  59.    Plaintiffs reasonably relied on those warranties and representations. The Product did not

14  conform to the representations made by Defendants and was not fit for the purpose for which it was

15  intended. When used in a normal and usual manner, the Product caused the serious personal injuries to

16  plaintiff more fully set forth above.

17  60.    Defendants' breach of their express warranties were a substantial factor in causing the

18  injuries as alleged above.

19                                   **PRAYER FOR RELIEF**

20  **WHEREFORE**, Plaintiffs pray for judgment against the Defendants, and each of them, as

21  follows:

22  1.    For general damages according to proof;

23  2.    For loss of earnings, medical expenses, and all incidental expenses according to proof;

24  3.    For interest from the date of accident to the time of judgment;

25  4.    For costs of suit in curd here in; and

26  5.    For such other and further relief as the Court deems proper.

27

28

COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2      NOTICE IS HEREBY GIVEN that Plaintiff hereby demands trial by jury in the above-captioned

3  matter.

4

5  Dated: December 29, 2020          **RATNER MOLINEAUX, LLP**

6                                       /s/ David S. Ratner, Esq.
7                                      David S. Ratner
                                       Shelley A. Molineaux
8                                      Danine Diew, individually, and J███ D██ D██, a
                                       minor, by and through her guardian ad litem, Danine Diew

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

# EXHIBIT A

Ordered on October 21, 2019    Order# 114-6604794-5605840

Supporting: **Alliance of Parents and Teachers at the Oakland School for the Arts**

View or Print invoice

**Shipping Address**

Danine Diew
6028 OLD QUARRY LOOP
OAKLAND, CA 94605-3306
United States

**Payment Method**

**** 6734

**Order Summary**

Item(s) Subtotal:                    $295.98
Shipping & Handling:             $0.00

Total before tax:                    $295.98
Estimated tax to be
collected:                               $27.38
Gift Card Amount:               -$39.71
**Grand Total:**                    **$283.65**

Write a product review

Archive order

˅ Transactions

Aeiusny 400W Solar Generator Portable Power Station, 296Wh CPAP Backup Lithium
Battery, 110V Pure Sinewave AC Outlet, 12V DC Output, USB Output Power
Sold by: AEIUSNY    Product question? Ask Seller
Return and product support eligibility ˅
$287.99
**Condition:** New

# EXHIBIT B



ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
David S. Ratner (SBN 316267); Shelley A. Molineaux (SBN 277884)
Ratner Molineaux, LLP
1990 N. California Blvd., Suite 20, Walnut Creek, CA 94596

TELEPHONE NO.: (925) 239-0899        FAX NO. (Optional): (925) 801-3818
ATTORNEY FOR (Name): Plaintiffs DANINE DIEW and J████ D████ D████, a minor

**R**  22596057

FILED
ALAMEDA COUNTY

DEC 2 9 2020

CLERK OF THE SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 2233 Shore Line Dr
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Alameda, CA 94501
BRANCH NAME:

CASE NAME:
Diew v. Amazon.com Services, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter | [ ] Joinder | RG20085188 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/29/2020

David S. Ratner, Esq.
_____
(TYPE OR PRINT NAME)

▶ /s/ David S. Ratner, Esq.
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

DEC 2 9 2020

Filed By Fax

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Ratner Molineaux LLP
Attn: Ratner, David S
1990 N California Blvd Ste 20
Walnut Creek, CA   94596____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Diew<br><br>**Plaintiff/Petitioner(s)**<br>VS.<br><br>Amazon.Com Services LLC, a corporation<br>**Defendant/Respondent(s)**<br>(Abbreviated Title) | No. <u>RG20085188</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **05/18/2021**<br>Time: **03:00 PM** | Department: **19**<br>Location: **Administration Building<br>Third Floor<br>1221 Oak Street, Oakland  CA  94612**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge: **Stephen Kaus**<br>Clerk: **Angelica Mendola**<br>Clerk telephone: **(510) 267-6935**<br>E-mail:<br>**Dept19@alameda.courts.ca.gov**<br>Fax: |

### ORDERS

1. **Plaintiff** must:

    a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

    a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/14/2021.

By _____

Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG20085188
Case Title:     Diew VS Amazon.Com Services LLC, a corporation
Date of Filing: 12/29/2020


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Stephen Kaus** |
| **Department:** | **19** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6935** |
| **Fax Number:** | |
| **Email Address:** | **Dept19@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."


IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

<u>General Procedures</u>

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Kaus
DEPARTMENT 19

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's website also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Dept. 19 by e-mail.  The use of e-mail is not a substitute for filing pleadings or filing other documents.  You must provide copies of all email communications to each party (or the party's attorney if the party is represented) at the same time that you send the e-mail to the Court and you must show that you have done so in your e-mail.

Courtesy copies of all moving, opposition and reply papers should be delivered directly to Dept. 19 in the Administration Building, 1221 Oak St. 3rd Floor Oakland, CA 94612.

<u>Schedule for Department 19</u>

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Monday through Thursday at 8:30 a.m. to 1:30 p.m.

- Case Management Conferences are held:  Tuesday at 3:00 p.m. Tentative Case Management orders will be posted on the Register of Actions by Monday noon with instructions for contesting and requesting a video hearing, which usually will be held the following week.

- Law and Motion matters are heard:  Mondays and Wednesdays at 3:00 p.m. During court closure, tentative rulings will give instructions for contesting and requesting a video hearing, which generally will be at a later date.

- Settlement Conferences are heard:  As Scheduled by Judge

- Ex Parte matters are heard:  During the court closure, all ex parte requests should be submitted as discussed in the "Special Motion..." section below.

- All ex parte requests should be submitted to the clerk's office for the judge's work queue with a pdf copy emailed to Dept19@alameda.courts.ca.gov and service on all other parties. Judge Kaus will wait 24 hours for an opposition or request for a video hearing and then will either rule or schedule a hearing. See Emergency Local Rule 1.8a(h)(3).

-

- Civil Jury Trial Readiness Hearings heard on Fridays at 2:00 p.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.19@alameda.courts.ca.gov

  Please provide: 1) Name of case; 2) Case number; 3) Title of motion; 4) Moving party; 5) Name of Responding Party's Counsel and email address.

- Ex Parte Matters
  Email:        Dept19@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 19
- Phone:  1-866-223-2244

Dated:  01/13/2021

_Facsimile_

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 01/14/2021

By    _____
                     Deputy Clerk

24040165

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| none , none<br>Ratner Molineaux, LLP<br>1990 N. California Blvd., Suite 20<br>Walnut Creek, CA 94596<br>TELEPHONE NO.: (971) 229-8652<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>**ALAMEDA COUNTY**<br><br>FEB 1 1 2021<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Alameda County<br>24405 Amador Street<br>Hayward, CA 94544 |

PLAINTIFF/PETITIONER: Danine Diew, et al.

DEFENDANT/RESPONDENT: Amazon.com Services, LLC, et al.

CASE NUMBER:

**RG20085188**

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>0083 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:    Civil Case Cover Sheet, Complaint, Summons, Application and Order for Appointment of Guardian Ad Litem—Civil

3. a. Party served:  Amazon.com Services, LLC, a corporation

   b. Person Served: CSC - Person Authorized to Accept Service of Process

4. Address where the party was served:  300 Deschutes Way SW  Suite 208
   Tumwater, WA 98501

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 01/29/2021    (2) at  (time): 11:25AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

Amazon.com Services, LLC, a corporation
under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:    Melvin Cahoon, Lic#9188
   b. Address:    One Legal - P-000618-Sonoma
      1400 North McDowell Blvd, Ste 300
      Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 162.00
   e I am:
      (1)  Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date:  02/02/2021

Melvin Cahoon, Lic#9188
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Code of Civil Procedure, § 417.10

Form Adapted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

OL# 15667656



22596058

CIV-010

| | |
|---|---|
| ATTORNEY (Name, State Bar number, and address):<br>David Ratner, SBN 316267 and Shelley Molineaux, SBN 277884<br>Ratner Molineaux, LLP<br>1990 N. California Blvd., Suite 20, Walnut Creek, CA 94596<br><br>TELEPHONE NO.: 925-239-0899     FAX NO. (Optional): 925-801-3818<br>E-MAIL ADDRESS (Optional): david@ratnermolineaux.com; shelley@ratnermolineaux.com<br>ATTORNEY FOR (Name): PLAINTIFFS | FOR COURT USE ONLY<br><br>F I L E D<br>ALAMEDA COUNTY<br><br>DEC 2 9 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By: _____<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☐ CENTRAL DIVISION, SMALL CLAIMS, 330 W. BROADWAY, ROOM 241, SAN DIEGO, CA 92101-3827
☐ CENTRAL DIVISION, CIVIL, 330 W. BROADWAY, ROOM 225, SAN DIEGO, CA 92101
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081

PLAINTIFF/PETITIONER: DANINE DIEW and J██ D██ D██, a minor

DEFENDANT/RESPONDENT: AMAZON.COM, et al.

| | |
|---|---|
| **APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL**<br>☐ EX PARTE | CASE NUMBER:<br>RG20085188 |

> **NOTE:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): J██ D██ D██                                is
   a. ☐ the parent of (name):
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☒ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Danine Diew, 6028 Old Quarry Loop, Oakland, CA 94605

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   J██ D██ D██, 6028 Old Quarry Loop, Oakland, CA 94605

4. The person to be represented is:
   a. ☒ a minor (date of birth): ████████
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☐ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      Negligent Product Liability, Strict Product Liability - Design and Manufacturing Defect, Strict Product Liability - Failure to Warn of Defective Condition, Breach of Implied Warranty, Breach of Express Warranty

   ☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 JCC [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq.

DEC 2 9 2020

CIV-010

| PLAINTIFF/PETITIONER: DANINE DIEW and J██████ D██████ D████, a minor | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AMAZON.COM, et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☒ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:
   to prosecute the above case on behalf of this minor child under age 18

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒ related *(state relationship)*: mother
   b. ☐ not related *(specify capacity)*:

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

   ☐ Continued on Attachment 7.

David S. Ratner, Esq.
_____
(TYPE OR PRINT NAME)

▶ */s/ David S. Ratner, Esq.*
_____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

Danine Diew
_____
(TYPE OR PRINT NAME)

▶ *Danine Diew*
_____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:

Danine Diew
_____
(TYPE OR PRINT NAME)

▶ *Danine Diew*
_____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER  ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*:
is hereby appointed as the guardian ad litem for *(name)*:
for the reasons set forth in item 5 of the application.
Date:

_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Doc ID: 5cb739702ba9ef05c79af8854e4d1373c3cd0b52

| CASE TITLE | CASE NUMBER |
|------------|-------------|
| Diew v. Amazon, et al. | |

### ATTACHMENT TO JC FORM #CIV-010 (APPLICATION FOR GUARDIAN AD LITEM – CIVIL)

8.  I, *(name):* Danine Diew_____, declare that I am the ☒ parent ☐ guardian ☐ conservator
    of *(name):* J▮▮▮D▮▮D▮____ and:

    a. I ☒ am ☐ am not asserting individual claims or defenses in these proceedings.

    b. The minor ☐ is ☒ is not the subject of a juvenile dependency proceeding.

    c. The minor ☐ is ☒ is not the subject of a probate guardianship.

    d. The minor ☐ is ☒ is not the subject of a custody order.  (If a custody order is in effect, the most recent order
    must be attached.)

9.  Notice of these proceedings has:

    a. ☒ been provided to all of the minor's parents.

    b. ☐ not been provided to all of the minor's parents because:

        i. ☐ I have sole legal custody of the minor identified in this application and have attached a copy of the
    current custody order.

        ii. ☐ the other parent is deceased.

        iii. ☐ other: _____

           _____

           _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **12 / 23 / 2020**_____

Danine Diew_____          *Danine Diew*_____

Type or print name                                        Signature

---

### ORDER ☐ EX PARTE

The court finds that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of
the Application and Order for Appointment of Guardian ad Litem – Civil (JC Form #CIV-010), as requested.

The court orders that *(name):* Danine Diew_____ is hereby appointed as the guardian ad litem for
*(name):* J▮▮D▮▮D▮_____ for the reasons set forth in item 5 of the Application and Order for
Appointment of Guardian ad Litem – Civil (JC Form #CIV-010).

Date: _____               _____

                                            Judge of the Superior Court

Doc ID: 5cb739702ba9ef05c79af8854e4d1373c3cd0b52

**▽ HELLOSIGN**                                          Audit Trail

| | |
|---|---|
| **TITLE** | GAL to be signed.pdf |
| **FILE NAME** | GAL%20to%20be%20signed%20by%20client.pdf |
| **DOCUMENT ID** | 5cb739702ba9ef05c79af8854e4d1373c3cd0b52 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ⊕ Completed |

**This document was requested from app.cllo.com**

## Document History

| | | |
|---|---|---|
| ⟲ **SENT** | **12 / 23 / 2020**<br>22:01:45 UTC | Sent for signature to Danine Diew (dmanette@yahoo.com) from<br>andrea@ratnermolineaux.com<br>IP: 173.49.219.2 |
| ◎ **VIEWED** | **12 / 23 / 2020**<br>22:51:21 UTC | Viewed by Danine Diew (dmanette@yahoo.com)<br>IP: 174.194.153.4 |
| �land **SIGNED** | **12 / 23 / 2020**<br>22:55:02 UTC | Signed by Danine Diew (dmanette@yahoo.com)<br>IP: 174.194.153.4 |
| ⟳ **COMPLETED** | **12 / 23 / 2020**<br>22:55:02 UTC | The document has been completed. |

Ratner Molineaux LLP
Attn:  Ratner, David S
1990 N California Blvd Ste 20
Walnut Creek, CA   94596____

Amazon.Com Services LLC, a
corporation

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

Diew

                               Plaintiff/Petitioner(s)

                    VS.

Amazon.Com Services LLC, a corporation

                               Defendant/Respondent(s)
                    (Abbreviated Title)

No. <u>RG20085188</u>

Application Re: Appointment of
Guardian Ad Litem As to J▮▮▮
D▮▮▮ D▮▮▮ Denied

IT IS ORDERED that the Application Re: Appointment of Guardian Ad Litem as to J▮▮▮ D▮▮▮
D▮▮ is denied.

Please explain why the Guardian ad Litem needs to be also an independent party to the litigation. The
court will grant this for good cause, but it is not preferable or automatic.

Dated:  02/19/2021

_____
Judge Stephen Kaus