Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
AMAZON.COM SERVICES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANINE DIEW, individually, and J. D. D., a minor, by and through her guardian ad litem, DANINE DIEW,<br><br>                    Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC, a corporation; and DOES 1 through 100, inclusive.<br><br>                    Defendants. | Case No. 3:21-cv-01462-LB<br><br>**DEFENDANT AMAZON.COM SERVICES, LLC'S NOTICE OF MOTION AND RULE 12(B)(6) MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge: Hon. Laurel Beeler<br><br>Date Action Removed: March 1, 2021<br><br>Hearing Date: May 6, 2021<br>Time:             9:30 a.m.<br>Courtroom:   B - 15th Floor |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on May 6, 2021 at 9:30 a.m. or as soon thereafter as counsel may be heard, before the Honorable Laurel Beeler, in Courtroom B - 15th Floor of the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Amazon.com Services, LLC ("Amazon") will and hereby does move the Court to dismiss the plaintiffs' Complaint in its entirety. Specifically, by this Motion, Amazon seeks an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing plaintiffs' Complaint in its entirety for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, any reply papers that may be submitted and on the arguments of counsel at any hearing that may be held, all of the pleadings, files, and records in this proceeding, and any such evidence as may later be submitted.

DATED: March 29, 2021

Respectfully submitted,

PERKINS COIE LLP

By: */s/ Elliott J. Joh*
Julie L. Hussey
Elliott J. Joh

Attorneys for Defendant
AMAZON.COM SERVICES, LLC

# TABLE OF CONTENTS

Page

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ 1

INTRODUCTION AND RELEVANT FACTUAL BACKGROUND ........................................... 1

I.    LEGAL STANDARD .................................................................................................... 2

II.    ARGUMENT ................................................................................................................. 3

    A.    Plaintiffs' Negligent Product Liability Claim Fails Because They Fail to Plead Any Facts in Support of Their Claim ............................................................. 3

    B.    Plaintiffs Fail to Allege Any Facts Showing a Manufacturing Defect in Their Power Station ..................................................................................................... 4

    C.    Plaintiffs' Strict Liability Design Defect Claim Merely Recites the Legal Elements of That Claim ................................................................................................ 5

    D.    Plaintiffs Fail to Allege Any Facts Supporting Their Request for Punitive and Exemplary Damages ............................................................................................. 6

    E.    Plaintiffs' "Strict Liability - Failure to Warn of Defective Condition" Claim is Devoid of Any Factual Allegations ............................................................. 7

    F.    Plaintiffs' Implied Warranty Claim Fails as a Matter of Law ................................. 8

    G.    Plaintiffs Fail to Identity Any Express Warranty That Amazon Allegedly Breached ....................................................................................................................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 1, 2, 4, 6

*Barker v. Lull Eng'g Co.*,
    20 Cal. 3d 413 (1978) ............................................................................................................ 4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 1, 2, 6

*Bem v. Stryker Corp.*,
    2015 WL 4573204 (N.D. Cal. July 29, 2015) ........................................................... 3, 4, 6, 7

*Corzine v. Whirlpool Corp.*,
    2016 WL 6476172 (N.D. Cal. Nov. 2, 2016) ..................................................................... 9

*Cruz v. Sears*,
    2012 WL 13175896 (S.D. Cal. Apr. 16, 2012) .................................................................. 3

*Ferrari v. Natural Partner, Inc.*,
    2017 WL 76905 (N.D. Cal. Jan. 9, 2017) ........................................................................... 5

*Ferrari v. Natural Partners, Inc.*,
    2016 WL 4440242 (N.D. Cal. Aug. 23, 2016) ............................................................. 9, 10

*Hannan v. Boston Scientific Corp.*,
    2020 WL 2128841 (N.D. Cal. May 5, 2020) ..................................................................... 4

*In re Coordinated Latex Glove Litig.*,
    99 Cal. App. 4th 594 (2002) .................................................................................................. 4

*Lemberg v. JPMorgan Chase Bank, N.A.*,
    2018 WL 1046886 (N.D. Cal. Feb. 26, 2018) ................................................................... 3

*Lucas v. City of Visalia*,
    726 F. Supp. 2d 1149 (E.D. Cal. 2010) ..................................................................... 4, 6, 7

*Marroquin v. Pfizer, Inc.*,
    367 F. Supp. 3d 1152 (E.D. Cal. 2019) ........................................................................ 7, 8

*Petrie v. Elec. Game Card, Inc.*,
    761 F.3d 959 (9th Cir. 2014) .............................................................................................. 8

*Rhynes v. Stryker Corp.*,
    2011 WL 2149095 (N.D. Cal. May 31, 2011) ............................................................. 6, 7

*Smith v. Pride Mobility Products Corp.*,
    2016 WL 6393549 (N.D. Cal. Oct. 28, 2016) ........................................................................5, 6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................................................2, 8

*Thorpe Design, Inc. v. Viking Corp.*,
    2015 WL 5440792 (N.D. Cal. Sept. 15, 2015) ..........................................................................9

*Trabakoolas v. Watts Water Technologies, Inc.*,
    2012 WL 2792441 (N.D. Cal. July 9, 2012) .............................................................................4

*U.S. Roofing, Inc. v. Credit All. Corp.*,
    228 Cal. App. 3d 1431 (1991) ...................................................................................................9

**STATUTES**

Cal. Civ. Code § 3294(a) ....................................................................................................................6

Cal. Civ. Code § 3294(b) ....................................................................................................................7

Cal. Comm. Code § 2314 ....................................................................................................................8

Cal. Comm. Code § 2315 ....................................................................................................................8

**RULES**

Fed. R. Civ. P. 12(b)(6) ......................................................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF ISSUES TO BE DECIDED

1. Whether plaintiffs failed to state a claim for negligent product liability, strict product liability, breach of implied warranty, and breach of express warranty.

2. Whether plaintiffs failed to state facts supporting their request for punitive and exemplary damages.

### INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

This is a product liability action in which Plaintiffs Danine Diew and J.D.D. ("Plaintiffs") claim that they purchased an allegedly defective solar generator portable power station from Defendant Amazon.com Services, LLC's ("Amazon") website. Compl. ¶¶ 16-17. Although not alleged within the body of the Complaint, the invoice attached as Exhibit A identifies "Aeiusny" — and ***not*** Amazon — as the seller of the power station that allegedly exploded and caused Plaintiffs' injuries. Compl., Ex. A. But despite this unambiguous evidence regarding Aeiusny's role in this matter, Plaintiffs have only named Amazon as a defendant, and assert claims for negligent product liability, strict product liability, and breach of express and implied warranties against it. None of those claims are sufficiently pled, and should be dismissed.

First, Plaintiffs' negligent product liability claim consists almost entirely of conclusory statements that parrot the legal elements of that claim. Plaintiffs' claim thus fails to pass muster under *Iqbal* and *Twombly*.

Second, Plaintiffs' strict liability manufacturing defect claim fails because they have not pled facts identifying how their power station deviated either from the intended design or from other models of the same type.

Third, Plaintiffs have not pled any facts showing how the power station fails either the consumer-expectations or risk-benefits test, which are used to evaluate whether a product's design is defective. Plaintiffs' allegations instead only identify those tests, without more.

Fourth, Plaintiffs' request for punitive and exemplary damages is not supported by any facts demonstrating malice, fraud, or oppression, and they fail to allege any conduct that was the

1  "act of" or was done with the "authorization or ratification" of an officer, director, or managing
2  agent of Amazon.
3        Fifth, Plaintiffs fail to allege any facts showing that Amazon's alleged warning regarding
4  the power station was inadequate, and thus fail to state a claim for strict liability - failure to warn.
5        Sixth, Plaintiffs' implied warranty claims fail as a matter of law because the invoice
6  attached to the Complaint demonstrates that Amazon is *not* the seller of the allegedly defective
7  power station, and Plaintiffs have not pled any facts showing that the parties are otherwise in
8  privity.  Furthermore, Plaintiffs have not identified any particular purpose for which they intended
9  to use their power station, and thus they cannot state a claim for breach of the implied warranty of
10 fitness for a particular purpose.
11       Finally, Plaintiffs have not identified any statements made by Amazon that form an
12 express warranty.  Accordingly, they cannot state a breach of express warranty claim against
13 Amazon.
14       For all the foregoing reasons, Amazon's motion should be granted and Plaintiffs' claims
15 should be dismissed.

16 **I.     LEGAL STANDARD**

17       A complaint must contain sufficient factual matter to "state a claim to relief that is
18 plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.
19 Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads
20 factual content that allows the court to draw the reasonable inference that the defendant is liable
21 for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is
22 not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a
23 defendant acted unlawfully." *Id.*
24       In considering a motion to dismiss under Rule 12(b)(6), the Court need not "accept as true
25 allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
26 inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation
27 omitted).  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do
28 not suffice.  *Iqbal*, 556 U.S. at 678.

## II.     ARGUMENT

### A.     Plaintiffs' Negligent Product Liability Claim Fails Because They Fail to Plead Any Facts in Support of Their Claim

Plaintiffs fail to state a viable negligent product liability claim against Amazon because their claim "consists of conclusory allegations and is devoid of factual enhancement." *Cruz v. Sears*, 2012 WL 13175896, at *2 (S.D. Cal. Apr. 16, 2012) (dismissing negligent product liability cause of action where the plaintiff alleged "in a conclusory manner that Defendant owed a duty and that the duty was breached when he was injured by the craftman tool").

In order to state a negligent product liability claim, Plaintiffs "must show that the defendant owed [them] a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of [their] injuries." *Lemberg v. JPMorgan Chase Bank, N.A.*, 2018 WL 1046886, at *2 (N.D. Cal. Feb. 26, 2018).  "Under a negligence theory, as opposed to strict liability in tort, the plaintiff must prove the additional element that the defect in the product was due to negligence of the defendant." *Id.*

Here, Plaintiffs state the legal elements of their claim, but utterly fail to allege any facts specific to the power station, to Amazon, or to any aspect of this case.  For example, Plaintiffs allege generally that Amazon "negligently and carelessly manufactured, designed, tested, maintain [*sic*], inspect [*sic*], installed, assembled, delivered, molded, labeled, warned, signed, and sold the [power station] so that it was in dangerous and defective condition," Compl. ¶ 25, but they fail to plead any facts showing ***how*** Amazon performed any of those actions in a negligent manner.  *See Bem v. Stryker Corp.*, 2015 WL 4573204, at *1 (N.D. Cal. July 29, 2015) (finding allegation that defendant "manufactured, distributed, owned, constructed, designed, assembled, sold, or caused to be sold" subject product and did so "with no warnings, or inadequate warnings" to be deficient).  Indeed, Plaintiffs' allegations are so vague and generalized that they could be applicable to any tort claim in any case.  *See, e.g.*, Compl. ¶ 28 ("In doing the acts alleged in this complaint, Defendants violated statutes, rules, standards, regulations, or guidelines applicable to Defendants' conduct, including laws and regulations relating to the manufacture, distribution, and sale of the [power station] and similar items.").

1   Accordingly, Plaintiffs have failed to state a negligent product liability claim against
2   Amazon, and their claim should be dismissed.  *See Bem*, 2015 WL 4573204, at *1 (dismissing
3   negligence claim because plaintiff failed "to plead any facts describing the particular defect, the
4   injury sustained, the manner in which [defendant] was negligent, or how any such negligence
5   caused or contributed in any manner to any specified injury").

   **B.    Plaintiffs Fail to Allege Any Facts Showing a Manufacturing Defect in Their Power Station**

8   A manufacturing defect claim is predicated on a theory that "a suitable design is in place,
9   but that the manufacturing process has in some way deviated from that design."  *In re*
10  *Coordinated Latex Glove Litig.*, 99 Cal. App. 4th 594, 613, (2002).  Thus, in order to assert a
11  strict liability manufacturing defect claim, Plaintiffs must "***identify/explain how*** the [power
12  station] either deviated from [its] intended result/design or ***how*** the [power station] deviated from
13  other seemingly identical [ ] models." *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D.
14  Cal. 2010) (citing *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 429 (1978)) (emphasis in original).
15  "A bare allegation that the [product] had 'a manufacturing defect' is an insufficient legal
16  conclusion.'"  *Lucas*, 726 F. Supp. 2d at 1155 (citing *Iqbal*, 556 U.S. at 678-79).

17  Here, Plaintiffs recite a laundry list of possible defects in their power station.  *See* Compl.
18  ¶ 36 (alleging that the "defects included, but are not limited to, possible thermal runaway
19  resulting in the rise in heat and pressure; over-current issues in over-producing electric currents
20  and resulting in short circuiting the battery; and/or impurities in the electrolyte solution inside the
21  batteries cells which can cause overheating").  However, they fail to allege whether any of those
22  alleged defects relate to the manufacturing (as opposed to the design) of the power station; in
23  other words, they fail to allege facts "distinguish[ing the power station] at issue from either the
24  manufacturer's intended result or other seemingly identical product models." *Trabakoolas v.*
25  *Watts Water Technologies, Inc.*, 2012 WL 2792441, at *4 (N.D. Cal. July 9, 2012); *see also*
26  *Hannan v. Boston Scientific Corp.*, 2020 WL 2128841, at *5 (N.D. Cal. May 5, 2020) (dismissing
27  strict liability manufacturing defect claim because "Plaintiffs have not identified a manufacturing
28  defect in the ***specific*** . . . product that plaintiff's physicians implanted in her) (emphasis added);

1  *Smith v. Pride Mobility Products Corp.*, 2016 WL 6393549, at *9 (N.D. Cal. Oct. 28, 2016)
2  (dismissing strict liability manufacturing defect claim because "[t]he complaint does not state
3  how the wheelchair that Plaintiff purchased is different from the design of the wheelchair that
4  Defendant intended or from other identical models of the wheelchair").

5  Thus, because Plaintiffs have failed to allege facts identifying a manufacturing defect in
6  their power station, their strict liability manufacturing defect claim should be dismissed.

7  **C.  Plaintiffs' Strict Liability Design Defect Claim Merely Recites the Legal
8  Elements of That Claim**

9  Plaintiffs' allegations in support of their strict liability design defect claim merely identify
10 the two tests used to evaluate whether a product's design is defective, without alleging any facts
11 showing how the power station failed either test. *See* Compl. ¶ 39 (alleging that the power station
12 "fail[ed] to perform as safely as an ordinary consumer would expect when used in an intended or
13 reasonably foreseeable manner"); ¶ 40 (alleging that the "risks inherent in the design of the
14 [power station] outweigh any benefits of that design"). Accordingly, because Plaintiffs have not
15 "alleged any facts to support [their] theory of design defect," the Court should dismiss their claim.
16 *See Ferrari v. Natural Partner, Inc.*, 2017 WL 76905, at *6 (N.D. Cal. Jan. 9, 2017) (dismissing
17 strict liability design defect claim because Plaintiff's allegations do not "provide supporting facts
18 that explain how the particular design of the product caused Plaintiff's alleged harm.").

19 "[U]nder California law there are two tests for a design defect claim. Specifically, a
20 product is defective (1) if the product has failed to perform as safely as an ordinary consumer
21 would expect when used in an intended or reasonably foreseeable manner, or (2) if . . . the
22 benefits of the challenged design do not outweigh the risk of danger inherent in such design."
23 *Ferrari*, 2017 WL 76905, at *5 (quoting *Barker*, 20 Cal. 3d at 418). If Plaintiffs seek to assert a
24 claim under the consumer-expectation test, their complaint "should describe how [the product]
25 failed to meet the minimum safety expectations of an ordinary consumer." *Pride Mobility*, 2016
26 WL 6393549, at *9. Here, Plaintiffs' complaint is "devoid of any allegations regarding the
27 'minimum safety expectations' that an ordinary consumer of a [power station] would have," and
28 they thus cannot state a design defect claim under this test. *Id.*

1    Similarly, if Plaintiffs seek to assert a claim under the risk-benefit test, their complaint
2    "should allege that the risks of the design outweigh the benefits, and then ***explain*** how the
3    particular design" of the product caused Plaintiffs harm.  *Lucas*, 726 F. Supp. 2d at 1155
4    (emphasis in original).  Here, Plaintiffs do not allege any facts "regarding the relative risks or
5    benefits of the [power station]'s design," and their claim thus fails to satisfy the risk-benefit test
6    as well.  *Pride Mobility*, 2016 WL 6393549, at *9.
7    Accordingly, Plaintiffs' strict liability design defect claim should be dismissed.

### D. Plaintiffs Fail to Allege Any Facts Supporting Their Request for Punitive and Exemplary Damages

Plaintiffs' strict product liability claim includes a request for punitive and exemplary damages that consists of "merely conclusory statements not entitled to the presumption of truth under *Iqbal* and *Twombly*."  *Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *5 (N.D. Cal. May 31, 2011) (finding allegations in support of punitive damages request that defendant "provid[ed] insufficient, misleading and deceptive information" to patients and doctors, "fail[ed] to promptly and fairly investigate and identify the causes of the design [and manufacturing] defects," "concealed the existence of patient complaints," and was "well aware of numerous instances of product failure ... at the time of Plaintiff's surgery" to be "devoid of factual support").

Plaintiffs allege conclusions that Amazon "engaged in conduct which exposed the user of the [power station] to a serious potential danger known to [Amazon], which decision was based on their choice to advance their own pecuniary interest," Compl. ¶ 42, but fail to allege any "facts that support a plausible inference in support of these conclusions."  *Rhynes*, 2011 WL 2149095, at *5; *see also Bem v. Stryker Corp.*, 2015 WL 4573204, at *2 (N.D. Cal. July 29, 2015) ("Bem's prayer for punitive damages is deficient, as Bem has not alleged any facts to support a finding that Stryker acted with oppression, fraud, or malice, *see* Cal. Civ. Code § 3294(a) (providing for award of punitive damages where plaintiff shows 'defendant has been guilty of oppression, fraud, or malice').").  Accordingly, Plaintiffs have failed to allege any facts supporting their request for punitive and exemplary damages, and their request should be dismissed.  *See Rhynes*, 2011 WL 2149095, at *6.

Plaintiffs' request for punitive and exemplary damages against Amazon also fails because Plaintiffs have not "alleged any [ ] conduct [that] was the 'act of' or was done with the 'authorization [or] ratification' of an 'officer, director, or managing agent' of" Amazon. *Bem*, 2015 WL 4573204, at *2 (citing Cal. Civ. Code § 3294(b) ("With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.").  Because Plaintiffs "have not alleged a single fact tending to show that any officer, director, or managing agent [of Amazon] took any action amounting to authorization or ratification of the alleged misconduct," their request for punitive and exemplary damages against Amazon fails and should be dismissed for this additional reason. *Rhynes*, 2011 WL 2149095, at *6.

### E.    Plaintiffs' "Strict Liability - Failure to Warn of Defective Condition" Claim is Devoid of Any Factual Allegations

Plaintiffs' third cause of action for "Strict Product Liability - Failure to Warn of Defective Condition" is barely five paragraphs long and so lacking in factual content that it could refer to any plaintiff, any defendant, and any product.  Compl. ¶¶ 43-47 (alleging that the power station "was in a dangerous and defective condition when introduced into the stream of commerce," and that "Plaintiffs were harmed and suffered the injuries and damages alleged as a result of [Amazon's] failure to adequately warn").

In order to assert a strict liability failure to warn claim, Plaintiffs "must include factual allegations that explain ***how*** the subject warning was inadequate." *Lucas*, 726 F. Supp. 2d at 1156 n.1 (emphasis in original).  Specifically, Plaintiffs must include allegations that "identify which danger was not warned against, explain that the danger was substantial, and that the danger was known or reasonably knowable, or explain how any warning that was given was inadequate." *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1160-61 (E.D. Cal. 2019).  But Plaintiffs do not allege any such facts, and instead baldly assert that Amazon "failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the [power station]."  Compl. ¶ 46.

1    Accordingly, Plaintiffs' strict liability failure to warn claim is insufficiently pled and
2 should be dismissed.  *See Marroquin*, 367 F. Supp. 3d at 1161 (dismissing strict liability failure to
3 warn claim because "[m]erely stating that the Defendants failed to 'adequately warn' of
4 potentially fatal lung conditions is a bare legal conclusion").

5    **F.    Plaintiffs' Implied Warranty Claim Fails as a Matter of Law**

6    As an initial matter, it is unclear whether Plaintiffs intend to assert a claim for breach of
7 the implied warranty of merchantability, a claim for breach of the implied warranty of fitness for
8 a particular purpose, or both.  Compl. ¶ 49 (alleging that "Defendants knew the use for which
9 their Product was intended and represented or impliedly warranted the Product to be of
10 merchantable quality, and safe and fit for its intended uses.").  Regardless of their intended
11 theory, it is evident that Plaintiffs cannot state *any* implied warranty claim against Amazon,
12 because the exhibit attached to the Complaint demonstrates that Amazon was *not* the seller of the
13 allegedly defective power station.  *See* Cal. Comm. Code § 2314 (implied warranty of
14 merchantability applies only to a "seller" who is "a merchant with respect to goods of that kind");
15 § 2315 (implied warranty of fitness for a particular purpose applies only to the "seller" who "has
16 reason to know any particular purpose for which the goods are required").

17    Although Plaintiffs allege that they purchased the allegedly defective power station from
18 Amazon (Compl. ¶ 17), they also attach an Exhibit A to their Complaint (which appears to be an
19 invoice associated with Plaintiffs' purchase) that clearly states that the power station was "Sold
20 by: AEIUSNY."  In fact, the invoice does not reference Amazon at all.  Compl., Ex. A.
21 Therefore, the Court should "not [ ] accept as true [Plaintiffs'] allegations" that Amazon was the
22 seller of the allegedly defective power station, because Plaintiffs have "ple[d themselves] out of a
23 claim by including unnecessary details contrary to [their] claims."  *Sprewell*, 266 F.3d at 988
24 ("The court need not [ ] accept as true allegations that contradict matters properly subject to
25 judicial notice or by exhibit."); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6
26 (9th Cir. 2014) ("We generally consider exhibits attached to a complaint and incorporated by
27 reference to be part of the complaint.").  Because they also fail to allege facts showing that the
28 parties are otherwise in privity, Plaintiffs cannot assert an implied warranty claim against

1   Amazon. *See U.S. Roofing, Inc. v. Credit All. Corp.*, 228 Cal. App. 3d 1431, 1441 (1991)
2   ("Vertical privity is a prerequisite in California for recovery on a theory of breach of the implied
3   warranties of fitness and merchantability."),
4     Even assuming Plaintiffs sufficiently alleged their privity with Amazon (they did not),
5   their other allegations in support of their implied warranty claims "are insufficient because they
6   merely recite the elements of the claims without any explanation of what was warranted, the
7   alleged breach, or any resulting damages." *Thorpe Design, Inc. v. Viking Corp.*, 2015 WL
8   5440792, at *3 (N.D. Cal. Sept. 15, 2015). Furthermore, Plaintiffs fail to allege any facts
9   showing that they intended to use the power station for a particular purpose, which means that
10  they cannot state a claim for breach of the implied warranty of fitness for a particular purpose.
11  *See Corzine v. Whirlpool Corp.*, 2016 WL 6476172, at *3 (N.D. Cal. Nov. 2, 2016) (dismissing
12  breach of implied warranty of fitness for a particular purpose claim because the Court found "no
13  allegations relating to any particular purpose different from the ordinary purpose of a
14  refrigerator").
15    Accordingly, Plaintiffs' implied warranty claim should be dismissed with prejudice.
16    **G.** **Plaintiffs Fail to Identity Any Express Warranty That Amazon Allegedly**
17      **Breached**
18    Plaintiffs' breach of express warranty claim against Amazon fails for the simple reason
19  that the Complaint "never provides the terms of any express warranty allegedly breached by"
20  Amazon. *See Ferrari v. Natural Partners, Inc.*, 2016 WL 4440242, at *10 (N.D. Cal. Aug. 23,
21  2016). Instead, Plaintiffs "allege[ ] generally" that Amazon "expressly and by advertising,
22  warranted and represented to the general public and to Plaintiff, and to each of them, that the
23  Product was reasonably fit for the purpose for which it was intended." Compl. ¶ 58; *Ferrari*,
24  2016 WL 4440242, at *10 (allegation that Defendants "utilized advertising media . . . and
25  expressly warranted . . . that said product was effective, proper and safe for its intended use and
26  consumption" found to be insufficient). However, "[w]ithout knowing the terms of [Amazon's]
27  statements more specifically, the Court is unable to determine whether those statements form an
28

-9-
AMAZON'S MOTION TO DISMISS COMPLAINT - CASE NO. 3:21-CV-01462-LB

express warranty." *Ferrari*, 2016 WL 4440242, at *10.  Accordingly, Plaintiffs' breach of express warranty claim should be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss Plaintiffs' Complaint and all claims asserted therein.

DATED:  March 29, 2021                        PERKINS COIE LLP

By: */s/ Elliott J. Joh*
        Julie L. Hussey
        Elliott J. Joh

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via the Court's CM/ECF system, on March 29, 2021, as follows:

David S. Ratner
Shelley A. Molineaux
RATNER MOLINEAUX, LLP
1990 N. California Blvd., Suite 20
Walnut Creek, CA 94596
Phone: (925) 239-0899
Fax: (925) 801-3818
Email: david@ratnermolineaux.com
Email: shelley@ratnermolienaux.com

ATTORNEYS FOR PLAINTIFF
DANINE DIEW and J. D. D.

                                                  */s/ Elliott J. Joh*
                                                  Elliott J. Joh