UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DANINE DIEW, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>   Defendant. | Case No. 21-cv-01462-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AMAZON'S MOTION TO DISMISS**<br><br>Re: ECF No. 8 |

## INTRODUCTION

This is a product-liability and breach-of-warranty lawsuit arising from an allegedly defective lithium battery (marketed as an Aeiusny battery and sold by a company called Aeiusny) that the plaintiff Danine Diew bought on the website Amazon.com Services. The battery exploded and caught fire in her home, destroying personal property, injuring the plaintiff and her minor child J.D.D. (also a plaintiff), and resulting in their displacement from their home for two months.[1] The plaintiffs sued Amazon.com Services, which moved to dismiss all claims (negligent and strict product liability and breach of express and implied warranties) on the grounds that (1) the plaintiffs did not plead sufficient facts about the defects that are the basis for the claims of negligent and strict

---

[1] Compl., Ex. A to Am. Notice of Removal – ECF No. 2 at 17 (¶¶ 16–18). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-01462-LB

1  product liability, (2) they did not plead facts to support punitive and exemplary damages, (3) there
2  is no claim for breach of an implied warranty because Amazon was not the seller and the plaintiffs
3  did not plead facts that the parties were in privity, and (4) the plaintiffs did not identify any
4  statements by Amazon that form an express warranty.[2]

5      The court dismisses the breach-of-warranty claims: with prejudice for the express-warranty
6  claim because the plaintiffs did not oppose Amazon's motion and without prejudice for the
7  implied-warranty claim because the plaintiffs did not allege facts about Amazon's privity. The
8  court denies the motion to dismiss the product-liability claims because the plaintiffs alleged the
9  specific defects that caused the battery to explode and denies the motion to dismiss the damages
10 allegations because the issue is better addressed at summary judgment.

12                                      **STATEMENT**

13     In October 2019, Plaintiff Danine Diew bought a lithium battery — an Aeiusny 400W Solar
14 Generator Portable Power 17 Station, 296Wh CPAP Backup Lithium Battery, 1lOV Pure
15 Sinewave AC Outlet, 12V DC output, USB 18 Output Power — from the "website of Defendant
16 Amazon.com Services."[3] The invoice, which is attached to the complaint, lists the seller as
17 "AEIUSNY" and directs the buyer to "ask Seller" if it has a question about the product.[4]
18     In August 2020, the battery "suddenly exploded and caught fire" inside the plaintiffs' home. The
19 plaintiffs were injured, lost personal property, and "were displaced for approximately two months."
20 The plaintiff sued Amazon (and Does 1 through 100), claiming (1) negligent product liability, (2)
21 strict product liability (based on design and manufacturing defects), (3) strict product liability (based
22 on a failure to warn of a defective condition), (4) breach of implied warranty, and (5) breach of
23 express warranty.[5] In a section titled General Allegations, the plaintiffs alleged the following:

---

[2] Mot. – ECF No. 8 at 6–15.

[3] Compl., Ex. A to Am. Notice of Removal – ECF No. 2 at 17 (¶¶ 16–17); Order Invoice, Ex. A to *id.* – ECF No. 2 at 26.

[4] Order Invoice, Ex. A to *id.* – ECF No. 2 at 26.

[5] Compl., Ex. A to Am. Notice of Removal – ECF No. 2 at 1, 17–23 (¶¶ 18, 21–60).

United States District Court
Northern District of California

- Defendants designed, built, manufactured, tested, inspected, sold, advertised, distributed, and otherwise introduced into the stream of commerce the Product.
- Certain batches of said Product were defectively designed, manufactured, tested, maintained, delivered, inspected, and sold and were in a dangerous condition and unsafe for the uses and purposes for which they were intended."[6]

In the complaint, the plaintiffs refer to the "defendants," plural, as opposed to Amazon, singular.

In claim one (for negligent product liability), the plaintiffs repeated the allegations that the "[d]efendants" designed, manufactured, and distributed the product and add that the "[d]efendants" owed customers a duty of care in the design, manufacture, and distribution and knew (or should have known) that the product was defective.[7]

In claim two (for strict product liability for design and manufacturing defects), the plaintiffs allege that the product was defective when it left the defendants' control

> as a result of design, manufacture, alteration, or modification by Defendants. The defects included, but are not limited to, possible thermal runaway resulting in the rise in heat and pressure; over-current issues in over-producing electric currents and resulting in short circuiting the battery; and/or impurities in the electrolyte solution inside the batteries cells which can cause overheating.[8]

The defendants knew that the battery's "manufacture design" was defective and exposed users to a "serious potential danger" that amounts to "an act in conscious disregard of the safety of persons such as Plaintiff" that justifies "the imposition of punitive and exemplary damages[.]"[9]

In claim three (for strict product liability for a failure to warn of a defective condition), the plaintiffs reiterate that the product was dangerous and defective, the defendants knew it and failed to warn users of the product, and the plaintiffs were harmed as a result.[10]

In claim four (for breach of the implied warranty), the plaintiffs allege that the defendants knew the product's use, had sole access to the material facts about the product's defects, and "[b]y the conduct alleged" impliedly warranted that the product was "merchantable and fit for the purpose intended" and breached the warranty by designing, manufacturing, and selling a

---

[6] *Id.* at 17–18 (¶¶ 19–20).

[7] *Id.* at 18 (¶¶ 23–25).

[8] *Id.* at 20 (¶ 36).

[9] *Id.* at 20–21 (¶¶ 39, 42).

[10] *Id.* at 21–22 (¶¶ 45–47).

dangerous and defective product.[11]

In claim five (for breach of an express warranty), the plaintiffs allege that "expressly and by advertising, [the defendants] warranted and represented to the general public and to Plaintiff . . . that the Product was reasonably fit for the purpose for which it was intended." The plaintiffs relied on the warranties and representations, and the product "did not conform to the representations . . . and was not fit for the purpose for which it was intended."[12]

The plaintiffs sued Amazon in state court, and Amazon timely removed the lawsuit to federal court, alleging diversity jurisdiction under 28 U.S.C. § 1441(a).[13] The parties are diverse: the plaintiffs are citizens of California, and Amazon is incorporated in Delaware and has its principal place of business in Washington and Delaware (and is a citizen of both states). The complaint does not allege the dollar value of the claims, but based on the alleged injuries, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).[14] All parties consented to magistrate-judge jurisdiction.[15] On June 10, 2021, the court held a hearing on Amazon's motion to dismiss.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

---

[11] *Id.* at 22–23 (¶¶ 51–55).

[12] *Id.* at 23 (¶¶ 58–60).

[13] Am. Notice of Removal – ECF No. 2.

[14] *Id.* at 2–4 (¶¶ 4–10).

[15] Consents – ECF Nos. 10 & 11.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

Amazon moved to dismiss the claims on the grounds that the plaintiffs did not plausibly plead facts to support their claims for negligent and strict product liability or their request for punitive or exemplary damages, the implied-warranty claim fails as a matter of law, and the plaintiffs did not identify any express warranty. The plaintiffs did not plausibly plead the required privity for a breach of implied warranty. The court dismisses the claim with leave to amend. The court dismisses the express-warranty claim with prejudice because the plaintiffs did not oppose Amazon's motion. The court denies the motion to dismiss the product-liability claims because the plaintiffs alleged the specific defects that caused the battery to explode. The challenge to punitive and exemplary damages is more appropriately addressed at summary judgment.

### 1. Product Liability

A plaintiff can sue for product liability on two theories: negligence and strict liability. *Lemberg v. JP Morgan Chase Bank, N.A.,* No. 17-cv-05241-JSC, 2018 WL 1046886, at *2 (N.D. Cal. Feb. 26, 2018) (citing *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 478 (2001)).

A claim for negligent product liability includes the elements for negligence: a legal duty to exercise due care, breach of the duty, causation, and damages. *Id.* (citing *Merrill*, 26 Cal. 4th at 477). A plaintiff must prove the additional element: "the defect in the product was due to negligence of the defendant." *Id.* (quoting *Merrill*, 26 Cal. 4th at 479).

Three types of product defects give rise to strict liability under California law: manufacturing defects, design defects, and warning defects (meaning, the defendant gave inadequate warnings or failed entirely to warn of defects). For design and manufacturing defects, strict liability attaches to a defendant who puts a product on the market, knowing that it will be used without inspection, and the product has a defect that causes injury to a person. ). *Id.* (citing *Anderson v Owens-Corning Fiberglas Corp.,* 53 Cal. 3d 987, 994–95 (1991)).

"A product with a manufacturing defect is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Dunson v. Cordis Corp.*, 2016 WL 3913666, at *6 (N.D. Cal. July 20, 2016) (citing *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 429 (Cal. 1978)). To allege a claim of strict liability under a theory of a manufacturing defect, "a plaintiff must identify/explain how the product either deviated from the company's intended result/design or how the product deviated from other seemingly identical models of the product." *Smith v. Pride Mobility Prod. Corp.*, No. 16-CV-04411-LHK, 2016 WL 6393549, at *8 (N.D. Cal. Oct. 28, 2016) (cleaned up).

Under a design-defect theory, a product can be defective in "one of two ways." Under the consumer-expectations test, a product's design is defective if the product "has failed to perform as safely as ordinary consumers would expect when used in an intended or reasonably foreseeable manner." Under the risks-benefits test, a product's design is defective if it "embodies excessive preventable danger," meaning, "the risk of danger inherent in the design outweighs the benefit of such design." To plead a claim, a plaintiff must identify the design-defect theory and allege facts to support it. *Id.* at *9 (quotations omitted); *Ferrari v. Nat. Partner, Inc.*, No. 15-CV-04787-LHK, 2017 WL 76905, at *5 (N.D. Cal. Jan. 9, 2017).

"Manufacturers are strictly liable for injuries caused by their failure to warn of known or reasonably scientifically knowable dangers at the time they manufactured and distributed their

1    product." *Jorden v. Covidien, LP.,* No. C 19-05709 WHA, 2019 WL 6327373, at *2 (N.D. Cal.

2    Nov. 26, 2019) (citing *Johnson v. Am. Standard, Inc.*, 43 Cal. 4th 56, 64 (2008)). The plaintiff

3    "must plead that [the] defendant did not adequately warn of a particular risk that was known or

4    knowable in light of the generally recognized and prevailing best scientific and medical

5    knowledge available at the time of manufacture and distribution." *Id.* (quotation omitted).

6        The plaintiffs' claim is the battery failed (due to heat, pressure, and current issues).[16] For the

7    claim of strict liability based on manufacturing and design defects, Amazon challenges the failure of

8    the plaintiffs to plead how the defects — summarized in the Statement and consisting of

9    overheating, pressure, electric-current and short-circuit issues, and impurities in the electrolyte

10   solutions in the batteries — deviated from the intended result or design or deviated from other

11   models, failed to perform as safely as a consumer would inspect, or failed the risk-benefits test.[17]

12   This argument does not compel dismissal.

13       *Jorden*, for example, involved a challenge to Parietex Optimized Composite Mesh, implanted

14   after the plaintiff's hernia repair surgery, which ultimately failed, resulting in her undergoing

15   another surgery. 2019 WL 6327373, at *1–2. The defect and theory of liability were obvious. By

16   contrast, the *Smith* and *Ferrari* plaintiffs made only conclusory allegations about the defects. *Smith*

17   involved a plaintiff's challenge to the manufacture and design of a wheelchair. *Smith*, 2016 WL

18   6393549, at *1. The court held that more was required beyond simply alleging that the defendant

19   "manufactured a dangerous wheelchair:" "a plaintiff must identify/explain how the product either

20   deviated from the company's intended result/design or how the product deviated from other

21   seemingly identical models of the product." *Id.* at *8 (cleaned up). *Ferrari* was a challenge to

22   enzyme supplements. 2017 WL 76905, at *1. The court held that the plaintiff's allegations that the

23   defendant "defectively designed the [supplement] by failing to prevent the inclusion of [a certain]

24   ingredient" did not "identify the theory of design defect that [the] [p]laintiff intend[ed] to assert . . .

---

[16] Compl., Ex. A to Am. Notice of Removal – ECF No. 2 at 20 (¶ 36).

[17] Mot. – ECF No. 8 at 9–11.

1  [or] provide supporting facts that explain how the particular design of the product caused [the]
2  [p]laintiff's alleged harm." *Ferrari*, 2017 WL 76905, at *5–6 (cleaned up).

3  A battery exploding is more like the mesh in *Jorden* than wheelchairs or supplements in *Smith*
4  or *Ferrari*. The plaintiffs made specific allegations about the defects at issue that caused the
5  explosion and the injuries. This is enough under *Jorden*. 2019 WL 6327373, at *3. And *Bolger v.*
6  *Amazon* establishes Amazon's third-party liability. 53 Cal. App. 5th 431, 453–62 (2020), *review*
7  *denied*, No. S264607, (Cal. Nov. 18, 2020). As a result, the plaintiffs also plausibly allege the
8  dangers and the failure to warn of them, at least enough to survive a motion to dismiss. *Jorden*,
9  2019 WL 6327373, at *2.

10  As to the claim of negligent product liability, *Bolger* does not resolve the issue: it did not decide
11  Amazon's third-party liability for negligent product liability claim because the plaintiff did not raise
12  the issue on appeal. 53 Cal. App. 5th at 462 n.12. That said, tort claims are about allocating risk.
13  And responsibility turns on the risk that the alleged tortfeasor perceives. *Palsgraf v. Long Is. R.R.*
14  *Co.,* 248 N.Y. 339, 344 (N.Y. 1928).

15  To this point, the plaintiffs contend that *Bolger* established Amazon's duty to customers for
16  third-party products that Amazon sells because — to quote *Bolger* — "Amazon created the
17  environment (its website) that allowed [the third party] to offer the [product] for sale. Amazon
18  attracted customers through its own activities, including its direct offers for sales and its Amazon
19  Prime membership program[.] . . . Amazon set the terms of [the third party's] involvement, and it
20  demanded fees. . . ." *Bolger*, 53 Cal. App. 5th at 452.[18] The plaintiffs conclude that — depending on
21  Amazon's knowledge of the risk — the duty extends to negligent product liability too.[19] Amazon
22  replied in its papers only that *Bolger* "has nothing to say about the pleadings standards for or
23  liability regarding [] a negligent product liability . . . claim."[20]

---

[18] Opp'n – ECF No. 12 at 16–17 (quoting *Bolger*, 53 Cal. App. 5th at 452).
[19] Opp'n – ECF No. 12 at 17.
[20] Reply – ECF No. 14 at 3.

Under the circumstances, the plaintiffs' claim survives Rule 8(a) scrutiny. The plaintiffs pleaded a risk, strict liability, and circumstances about Amazon's management of its platform and its third-party vendors that give notice of the claim. Amazon's knowledge of the risk is a fact inquiry that precludes dismissal at the pleadings stage. The issue is better addressed at summary judgment.

### 2. Punitive and Exemplary Damages

"California Civil Code § 3294(a) allows for the recovery of punitive damages only where a plaintiff shows the defendant acted with malice, oppression, or fraud in connection with the tortious conduct at issue. Under § 3294(b), malice is defined as either: (1) conduct which is intended by the defendant to cause injury to the plaintiff or (2) 'despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.'" *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *5 (N.D. Cal. May 31, 2011) (citing Cal. Civ. Code § 3294(b)). "California courts have defined 'despicable conduct' as conduct which is 'so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary people.'" *Id.* (quoting *Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992)).

For the reasons stated in the last section — despite the court's skepticism that the plaintiffs can establish facts to support their entitlement claim to punitive and exemplary damages — the issue involves facts within Amazon's exclusive knowledge that are better addressed on summary judgment. Given the circumstances of this defect (an exploding battery), the court denies the motion to dismiss.

### 3. Breach of Express and Implied Warranties

The plaintiffs did not oppose Amazon's argument that they did not identify an express warranty.[21] The court dismisses the claim with prejudice. Amazon contends that the plaintiff's

---

[21] Mot. – ECF No. 8 at 14–15; Opp'n – ECF No. 12 at 18 (addressing only the implied warranty); Reply – ECF No. 14 at 6.

ORDER – No. 21-cv-01462-LB　　　　9

1  claim for breach of the implied warranty fails as a matter of law because it did not sell the goods,
2  and the plaintiffs pleaded no facts showing privity.[22] The court dismisses the claim because the
3  plaintiffs alleged no facts establishing privity.

4  For the reasons that the claims for negligent and strict product liability survive, a claim for breach
5  of the implied warranty would survive against the seller, Aeiusny. The battery plausibly was not "fit
6  for the ordinary purposes for which such goods are used." Cal. Com. Code § 2314(1), (2)(c); *Walker*
7  *v. B&G Foods, Inc.*, No. 15-CV-03772-JST, 2019 WL 3934941, at *2 (N.D. Cal. Aug. 20, 2019);
8  *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003). The question is whether it survives
9  against Amazon. The plaintiffs, citing *Bolger*, contend that Amazon is liable because it is, "in
10 essence, a seller for purposes of liability claims against it."[23] But *Bolger* did not address the implied-
11 warranty claim. 53 Cal. App. 5th at 462 n.12. Holding Amazon responsible for an exploding battery
12 on a theory of product liability is much different than extending liability to it for the breach of an
13 implied warranty. "[A]n end consumer who buys from a retailer is not in privity with a
14 manufacturer." *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 786 (N.D. Cal. 2017) (citing
15 *Osborne v. Subaru of Am. Inc.*, 198 Cal. App. 3d 646, 656 n.6 (1988)). The court dismisses the claim
16 with leave to amend.

## CONCLUSION

18 The court dismisses the implied-breach-of warranty claim without prejudice and with leave to
19 amend. The court dismisses the breach-of-express-warranty claim with prejudice. The court
20 otherwise denies the motion to dismiss. The plaintiffs must file any amended complaint within
21 three weeks and attach a blackline version of the amended complaint against the current
22 complaint. This disposes of ECF No. 8.

23 **IT IS SO ORDERED.**

24 Dated: June 15, 2021

LAUREL BEELER
United States Magistrate Judge

---

[22] Mot. – ECF No. 8 at 13–14.
[23] Opp'n – ECF No. 12 at 18.